**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Pelkey Final Plat Major Subdivision, et. al.**          **Docket No. 172-12-12 Vtec**

Title: Motion to Dismiss Appellant Maurice Rathbun (Filing No. 1)

Filed: March 15, 2013

Filed By: Appellees Theodore and Michelle Pelkey

Response in opposition filed on 4/8/13 by Appellants Thomas White, Maurice Rathbun, and Michael Blair


  X  Granted                      ___ Denied                      ___ Other

Thomas White, Maurice Rathbun, and Michael Blair ("Appellants") appeal a November 14, 2012 decision by the Town of Westford Development Review Board ("DRB") approving the 2-Lot Major Subdivision, Mixed Use Planned Unit Development, Conditional Use application of Theodore and Michelle Pelkey ("Applicants"). Currently pending before this Court is Applicants' motion to dismiss Appellant Maurice Rathbun from this appeal. Applicants claim that Mr. Rathbun fails to qualify as an interested person as defined in 24 V.S.A. § 4465(b) and that Mr. Rathbun fails to meet the requirements of 24 V.S.A. § 4471.

In their memorandum in opposition to Applicants' motion, Appellants point out that Applicants cite V.R.C.P. 56, which provides summary judgment standards, as the grounds for their motion to dismiss Mr. Rathbun. Applicants also refer to their motion as a "Motion for Partial Summary Judgment." (Mot. to Dismiss Appellant Maurice Rathbun at 12, filed Mar. 15, 2013.) We note, however, that Applicants' motion appears to be a motion to dismiss pursuant to V.R.C.P. 12(b)(1), rather than a motion for summary judgment pursuant to V.R.C.P. 56. Applicants do not seek judgment on a question posed by Appellants in their Statement of Questions. Instead, Applicants challenge Mr. Rathbun's standing to be an appealing party in this pending appeal.

We first note that "standing is a necessary component of the court's subject-matter jurisdiction." Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235 (citing Brod v. Agency of Natural Res., 2007 VT 87, ¶ 2, 182 Vt. 234). The absence of subject matter jurisdiction may be raised at any time, id., including by this Court on its own motion. See, e.g., Brigham v. State, 2005 VT 105, ¶ 9, 179 Vt. 525 (mem.) ("[I]f a plaintiff does not have standing, a court must exercise judicial restraint and dismiss the complaint for lack of subject-matter jurisdiction.") (citing Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 341 (1997)).

Accordingly, we will review Applicants' motion as a V.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In reviewing such a motion, we accept all uncontroverted factual allegations as true and construe them in the light most favorable to the nonmoving party. See Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

Mr. Rathbun claims appellant standing as an interested person pursuant to 24 V.S.A. § 4465(b)(3).  To meet the requirements of this provision, Mr. Rathbun must (1) own or occupy property "in the immediate neighborhood" of the proposed project site; (2) "demonstrate a physical or environmental impact on [his] interests under the criteria reviewed;" and (3) allege that the DRB's decision below, "if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw" of Westford.  See 24 V.S.A. § 4464(b)(3).  This statutory standard incorporates some of the same elements, including injury in fact, that a party must meet to have standing to bring a claim in the Civil Division of our Superior Court.  Thus, to determine if Appellant meets this requirement, we first ask whether there has been a showing that the proposed project will impact Mr. Rathbun specifically and that the purported impact is not hypothetical.  In re UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 11 (Vt. Envtl. Div. Feb. 26, 2013) (Walsh, J.) (citing In re Lowre Variance, Docket No. 19-2-11, slip op at 5 (Vt. Super. Ct. Envtl. Div. Oct. 31, 2011)) (Durkin, J.); see also Agency of Natural Res. v. U.S. Fire Ins. Co., 173 Vt. 302, 306 (2001) (explaining that Vermont courts have adopted the same restriction as federal courts in terms of hearing only cases where actual controversies exist between the parties and thus only allow parties who meet the requirements for standing in federal courts to raise claims in Vermont courts); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–51 (1992) (describing the requirements for standing in federal courts).

Applicants challenge Mr. Rathbun's standing to appeal the DRB decision by arguing that Mr. Rathbun does not live in the immediate neighborhood of the proposed project site and that he cannot demonstrate a physical or environmental impact under the criteria reviewed. "To interpret 'immediate neighborhood,' this Court has examined not only the proximity of the challenged party's property to the project on appeal, but also whether they potentially could be affected by any aspects of the project which have been preserved for review on appeal."  In re A. Johnson Conditional Use Permit, No. 130-7-05 Vtec, slip op. at 3 (Vt. Envtl. Ct. Mar. 28, 2006) (Durkin, J.), aff'd No. 2007-113 (Vt. 2007) (mem.) (internal citations omitted).  We make our determination on a case-by-case basis and examine the physical environment surrounding the project property and its nexus to the appellant and the appellant's property.  Id. (citing In re Bostwick Road Two-Lot Subdivision, No. 211-10-15 Vtec, slip op. at 2–4 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd No. 2006-128 (Vt. 2007) (mem.)).  Thus, whether Mr. Rathbun owns or occupies property in the immediate neighborhood of the project site is closely related to the physical or environmental impacts he alleges will occur if the project is permitted.  See In re UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 10.

The parties do not dispute that Mr. Rathbun owns or occupies property roughly one mile from Applicants' project site and that both properties have frontage on Vermont Route 128. We do not reach the question of whether Mr. Rathbun's property is in the immediate neighborhood of the project site, however, as we find that Mr. Rathbun and those supporting his claim of standing have not described how the development under review will impact Mr. Rathbun specifically, by describing a concrete and particularized injury, nor have they referenced evidence showing that such an impact is not hypothetical; they have failed to demonstrate an actual or imminent injury to Mr. Rathbun by this proposed project.  UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 11 (citing In re Lowre Variance, Docket No. 19-2-11, slip op at 5 (Vt. Super. Ct. Envtl. Div. Oct. 31, 2011)) (Durkin, J.).

In their response to Applicants' motion to dismiss Mr. Rathbun, Appellants offer numerous details about Applicants' proposed project, such as the fact that it will offer services and parking for tanker trucks and tractor trailers.  However, Appellants fail to describe any

specific impacts to Mr. Rathbun's property interests as a result of the proposed project and fail to reference any evidence or make any showing that such impacts are actual or imminent. Instead, Appellants make broad and general statements that hint at, but do not describe, potential injuries that are particular to Mr. Rathburn. See Appellants' Opp. to Appellee's Mot. to Dismiss Maurice Rathbun at 3–4, filed Apr. 8, 2013. For example, nowhere in their response do Appellants specifically describe how the proposed project will fail to conform to the character of the area or how additional tanker truck or tractor-trailer traffic on Route 128 will impact Mr. Rathbun's interests. Without more detail, this Court cannot find that Mr. Rathbun meets the second criterion for standing as an interested person under 24 V.S.A. § 4464(b)(3). Accordingly, we **DISMISS** Mr. Rathbun from the pending appeal for failing to adequately demonstrate standing.


_____                          _____July 3, 2013_____
         Thomas S. Durkin, Judge                                              Date
===============================================================================
Date copies sent to: _____                       Clerk's Initials _____
Copies sent to:
   Brian P. Monaghan, Attorney for Appellees Ted and Michelle Pelkey
   Chad V. Bonanni, Attorney for Appellants
   Amanda Lafferty, Attorney for Interested Person Town of Westford