2011 VT 72

**Allen Rheaume v. Andrew A. Pallito**

[30 A.3d 1263]

No. 10-355

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed July 1, 2011

Motion for Reargument Denied August 1, 2011

*Allen W. Rheaume*, Pro Se, Beattyville, Kentucky, Petitioner-Appellant.

*William H. Sorrell*, Attorney General, Montpelier, and *David McLean*, Assistant Attorney General, Waterbury, for Respondent-Appellee.

¶ 1. **Reiber, C.J.** Petitioner Allen Rheaume is an inmate in the custody of the Vermont Commissioner of Corrections currently serving a life sentence. He challenges his classification by the Department of Corrections as a "high risk" sex offender and that designation's concomitant programming requirements. The trial court granted respondent's motion to dismiss for failure to state a claim and lack of subject matter jurisdiction, finding that review under Vermont Rule of Civil Procedure 75 was unavailable for classification and programming decisions made by the Department of Corrections pursuant to 13 V.S.A. § 5411b(b). We affirm in part and reverse and remand in part.

¶ 2. Dismissal for lack of subject matter jurisdiction under Civil Rule 12(b)(1) is reviewed de novo, with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party. *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511, 702 A.2d 58, 60 (1997). In reviewing a court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court accepts all factual allegations pleaded in the complaint as true and all reasonable inferences from those facts. *Richards v. Town of Norwich*, 169 Vt. 44, 48-49, 726 A.2d 81, 85 (1999).

¶ 3. Petitioner is currently serving a life sentence as a habitual offender. He has forty-eight convictions, five of which either involve sex crimes or have a sexual element. He also has had sixty-three disciplinary report convictions while incarcerated. The Vermont Department of Corrections' Sex Offender Review Committee designated petitioner a high-risk sex offender pursuant to 13 V.S.A. § 5411b(b) in 2007. Respondent claims the Committee sent petitioner a letter on July 24, 2007, notifying him of his designation and his right to appeal to the Committee within thirty days. Petitioner claims he never received this notice and did not

become aware of his designation until December of 2009. In March 2009, the DOC reviewed petitioner's case file and determined that in order to be released before the expiration of his maximum sentence he must participate in Cognitive Self Change, a program directed at violent offenders, and the Vermont Treatment Program for Sex Abusers. Petitioner appealed pursuant to Rule 75 on November 13, 2009. The trial court granted respondent's motion to dismiss for failure to state a claim and lack of subject matter jurisdiction concluding that petitioner could not seek review of either his designation as "high risk" or his programming requirements under Rule 75. Petitioner appeals these determinations.

¶ 4. Respondent concedes that the trial court's determination that petitioner could not seek review of his designation was erroneous but argues that petitioner's claim should nevertheless be dismissed as untimely. Under 13 V.S.A. § 5411b(b) a "sex offender who is designated as high-risk shall have the right to appeal [his designation] de novo to the superior court in accordance with Rule 75 of the Vermont Rules of Civil Procedure." Rule 75 requires that review be sought "within 30 days after notice of any action." V.R.C.P. 75(c). Respondent claims that petitioner received notification of his designation on August 3, 2007, as evidenced by petitioner's dated signature on the notification letter. Petitioner did not file his complaint until November 13, 2009, and thus, respondent argues his claim is time barred. Petitioner, however, contends that he did not receive notice of the designation until "mid December of 2009." While this is somewhat difficult to harmonize with the fact that petitioner filed his initial grievance contesting his designation on July 24, 2009, exactly when petitioner was given notice of his designation remains a question of fact and was improper for disposal on the pleadings. We thus reverse and remand to the trial court the question of whether petitioner received notice of the Committee's designation decision such that the limitations period began to run.

¶ 5. The question of whether an inmate designated as "high risk" can appeal his programming requirements through Rule 75 is one of first impression. Rule 75 states in pertinent part, "[a]ny action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any department, board, commission, or officer, that is not reviewable or appealable under

Rule 74 of these rules . . . may be reviewed in accordance with this rule if such review is otherwise available by law." V.R.C.P. 75(a); see V.R.C.P. 74 (providing for appeals from decisions of governmental agencies when party is entitled to seek review by statute). According to the Reporter's Notes, Rule 75(a) "does not purport to say what determinations are reviewable, but provides a procedure applicable whenever county court review is provided by the particular statute establishing an agency or is available as a matter of general law by proceedings in the nature of certiorari, mandamus, or prohibition." Reporter's Notes, V.R.C.P. 75. No statute provides for review of DOC programming decisions, and so the question becomes whether these fall within the class of decisions appealable at common law under one of the extraordinary writs. We consider each in turn.

■ ¶ 6. "The function of a writ of prohibition is to prevent the unlawful assumption of jurisdiction by a tribunal contrary to common law or statutory provisions." *In re Mattison*, 120 Vt. 459, 463, 144 A.2d 778, 780 (1958). There is no question that the structuring of programming requirements is within the agency purview of the DOC; thus Rule 75 review cannot be derived from this writ. See Administrative Rule on Determination of High Risk and Failure to Comply with Treatment for Purposes of Sex Offender Internet Registry, 4, Code of Vt. Rules 13 130 025.

■ ¶ 7. "A writ of mandamus can enforce the performance of only existing duties. It can neither create new duties nor require of a public officer more than the law has made it his duty to do." *Grout v. Gates*, 97 Vt. 434, 453, 124 A. 76, 82 (1924) (quotation omitted). Petitioner has no pre-existing right to a change in his programming requirements, and thus, a writ of mandamus would not be a proper avenue for a Rule 75 appeal.

■ ■ ¶ 8. The common law writ of certiorari thus seems the most likely avenue from which petitioner could derive the right of Rule 75 appeal with regard to his programming requirements. This writ applied to review of judicial actions by inferior courts and tribunals. "In determining the availability of review under Rule 75 this Court looks to the applicable law in the substantive area governing the case." *Mason v. Thetford Sch. Bd.*, 142 Vt. 495, 497, 457 A.2d 647, 648 (1983).

¶ 9. The Commissioner of Corrections "is charged with the following *power[]*: . . . [t]o exercise supervisory power over and to

establish and administer programs and policies . . . for the correctional treatment of persons committed to the custody of the commissioner." 28 V.S.A. § 102(b)(2) (emphasis added). He is also charged with the "responsibilit[y] . . . [t]o make rules and regulations for the governing and treatment of persons committed to the custody of the commissioner," *id.* § 102(c)(1), and "[t]o establish in any appropriate correctional facility a system of classification of inmates, to establish a program for each inmate upon his . . . commitment to the facility and to review the program of each inmate at regular intervals and to effect necessary and desirable changes in the inmate's program of treatment," *id.* § 102(c)(8).

¶ 10. The establishment of programming requirements falls within the Commissioner's explicit power to establish inmate treatment programs under 28 V.S.A. § 102(b)(2). The DOC is not an inferior court or tribunal of the superior court; nor is it performing the functions of a quasi-judicial body when it establishes programming requirements. Rather, the Commissioner is fulfilling his statutorily-created responsibilities under 28 V.S.A. § 102(c)(8) to establish classification and commitment programs for each inmate in a correctional facility and to periodically review such programming decisions.

¶ 11. While the decision to designate an offender as highly dangerous could be termed a quasi-judicial act — likely the reason why the Legislature explicitly provided for Rule 75 review of designation decisions — we believe the promulgation of programming requirements falls within the broad discretion of the DOC to determine what mode of treatment best serves individual inmates. See *Nash v. Coxon*, 155 Vt. 336, 338, 583 A.2d 96, 97 (1990) ("[B]road discretion must be granted to correctional authorities to determine what mode of treatment will best serve the individual inmate." (quotation omitted)). Nothing in the statutes limits that discretion. We conclude that while an inmate may have review of his designation under Rule 75, the particular programming requirements promulgated after that designation becomes final are a matter of DOC discretion and as such are nonreviewable under Rule 75. We thus affirm the trial court's

determination that the programming requirements are not reviewable under Rule 75.

*Affirmed as to the determination that programming requirements are not reviewable under Rule 75. Reversed as to the determination that designations are not reviewable under Rule 75. Remanded for determination on whether petitioner's designation appeal was timely filed.*