**State of Vermont**
**Superior Court — Environmental Division**

=======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Main St. Place, LLC (50 & 58 Main St.)**                    **Docket No. 46-3-10 Vtec**
**(Appeal of ZBA denial of conditional use approval)**

**In re Main St. Place, LLC Demolition Application**                **Docket No. 120-7-10 Vtec**
**(Appeal of ZBA denial of demolition permit)**

**In re Main St. Place, LLC Demolition Permit**                    **Docket No. 191-11-10 Vtec**
**(Appeal of Planning Commission grant of demolition permit)**

**In re Main St. Place, LLC (PC tie vote)**                        **Docket No. 168-11-11 Vtec**
**(Appeal of claimed non-decision by Planning Commission)**

Title: Motion to Dismiss

Filed: January 13, 2012

Filed By: Main Street Place, LLC

Response filed on 2/9/12 by Village of Derby Line

Reply filed on 2/21/12 by Main Street Place, LLC

Supplemental memoranda filed on 5/7/12 and 5/14/12 by Village of Derby Line

Supplemental memoranda filed on 5/8/12 and 5/15/12 by Main Street Place, LLC

___ Granted             _X_ Denied                 ___ Other

Currently before the Court are five separate, but related, appeals concerning municipal land use permits for development activities on the same two lots: 50 and 58 Main Street in the Village of Derby Line, Vermont. Now pending before the Court is a motion by Main Street Place, LLC ("Applicant") to dismiss the Village of Derby Line ("the Village") as an appellant in two of these appeals and as an interested person in two others.

The Village is an appellant in Docket No. 191-11-10 Vtec, an appeal of a decision by the Town of Derby Planning Commission ("the Planning Commission") granting Applicant site plan approval to raze existing buildings on 50 and 58 Main Street, level the site, and build a convenience store. The Village is also an appellant in Docket No. 168-11-11 Vtec, an appeal of a tie vote by the Planning Commission in response to Applicant's subsequent application for site plan approval to raze the existing buildings, bring the areas to grade, and replant the areas.

The Village appears as an interested person in Docket No. 46-3-10 Vtec, an appeal by Applicant of a decision by the Town of Derby Zoning Board of Adjustment ("ZBA") denying Applicant conditional use approval to build a convenience store on the two lots. The Village also appears as an interested person in Docket No. 120-7-10 Vtec, an appeal by Applicant of a

decision by the ZBA denying Applicant a demolition permit to raze existing buildings on the two lots and level the site.

Applicant challenges the Village's ability to appear in these appeals, arguing that its notices of appeal were faulty[1] and that the Village is not a separate municipality that can appeal, or appear as an interested person, as a municipality. Applicant also argues that, if the Village qualifies to participate as an interested person in Applicant's appeals as a nearby property owner, its participation should be limited to those issues for which it can demonstrate an impact on its interests.

The Village responds by arguing that it is a municipality that is within, and therefore adjoins, the Town of Derby ("the Town") and, as such, it is entitled to appeal in the two matters in which it has done so and to appear as an interested person in Applicant's appeals of the other two matters addressed in Applicant's motion. The Village further argues that, because it is entitled to appear as a municipality, it need not allege an impact upon itself as a property owner.

## The Village's Ability to Appeal

The pending motion to dismiss the Village, insofar as it questions the Village's ability to act as an appellant in Docket Nos. 191-11-10 Vtec and 168-11-11 Vtec, is a challenge to the Village's standing to appeal. Whether a party has standing goes to a court's subject-matter jurisdiction. Bischoff v. Bletz, 2008 VT 15, ¶ 15, 183 Vt. 235. Thus, we review this portion of Applicant's motion under the standard of review afforded by Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction. See V.R.C.P. 12(b)(1). That is, we accept as true all uncontroverted factual allegations and construe them in a light most favorable to the nonmoving party (here, the Village). Rheaume v. Pallito, 2011 VT 72, ¶ 2 (mem.).

It is undisputed that the Village is an incorporated village that has not adopted its own municipal plan or bylaws. It is also undisputed that the Village is spatially within the boundaries of the Town. Additionally, Applicant concedes that the Trustees of the Village participated in the Planning Commission proceedings that led to the two decisions that the Village has appealed. We accept as true these uncontroverted factual allegations, facts which are material to our analysis below.

We turn next to the legal question presented by Applicant—whether, applying these facts to the statutory limitations on who can appeal a municipal land use decision, the Village has the ability to appeal in Docket Nos. 191-11-10 Vtec and 168-11-11 Vtec. To answer this question, we must construe provisions in 24 V.S.A., Chapter 117. In interpreting statutory provisions such as this one, we are directed to give effect to the intent of the Vermont Legislature. Town of Killington v. State, 172 Vt. 182, 188 (2001). To do this we refer to the common and ordinary meaning of the statute's plain language, taking into account the statute

---

[1] One of Applicant's arguments is that the notices of appeal filed by opposing counsel in Docket Nos. 191-11-10 Vtec and 168-11-11 Vtec were filed on behalf of the Trustees of the Village but do not indicate how the Trustees individually have standing to appeal. We do not understand these two notices of appeal to indicate that the Trustees are appealing in their individual capacities. Rather, we understand them to indicate that the Village itself is appealing with its Trustees as its representatives. Unlike a zoning board of adjustment, planning commission, or other municipal panel (which are neutral, quasi-judicial bodies), municipal legislative bodies can have interests in a matter before this Court and are, indeed, the entities whose interests are represented in appeals filed pursuant to 24 V.S.A., Chapter 117.

as a whole. Delta Psi Fraternity v. City of Burlington, 2008 VT 129, ¶ 7, 185 Vt. 120. We accept this interpretation unless doing so would make a provision ineffective or create irrational results. Town of Killington, 172 Vt. at 188.

Parties who fall within the definition of "interested person" and who participate in a proceeding before a municipal panel have the right to appeal to this Court the decision reached by that municipal panel. 24 V.S.A. § 4471(a). There are multiple, alternative definitions for "interested person[s]" listed in 24 V.S.A. § 4465(b). Subsection (b)(2) of § 4465 defines an interested person to include "[t]he municipality that has a plan or a bylaw at issue in an appeal brought under this chapter or any municipality that adjoins that municipality." Subsection (b)(3) defines an interested person to include property owners in the immediate neighborhood of a proposed development.

The Village argues that it is an interested person under subsection (b)(2) of § 4465 because the Village is located within, and therefore adjoins, the Town. It does not assert that it qualifies under subsection (b)(3). Applicant argues that the Village is entirely within the Town and is, therefore, not a distinct, adjoining municipality for the purposes of 24 V.S.A., Chapter 117.

The parties' disagreement, while initially framed by the parties as a dispute about the term "adjoining," is, in fact, principally a disagreement about how the term "municipality" is defined for the purposes of 24 V.S.A., Chapter 117. Chapter 117 defines municipality this way:

> "Municipality" means a town, a city, or an incorporated village or an unorganized town or gore. An incorporated village shall be deemed to be within the jurisdiction of a town for the purposes of this chapter [Chapter 117], except to the extent that a village adopts its own plan and one or more bylaws either before, concurrently with, or subsequent to such action by the town, in which case the village shall have all authority granted a municipality under this chapter and the plans and bylaws of the town shall not apply during such period of time that said village plan and bylaws are in effect.

24 V.S.A. § 4303(12).

Applicant argues that the second sentence qualifies the extent to which an incorporated village constitutes a municipality. Specifically, Applicant asserts that an incorporated village is not a municipality for the purposes of Chapter 117 unless it adopts its own plan and bylaws. The Village argues that the first sentence stands alone.

The plain language of the first sentence of 24 V.S.A. § 4303(12) definitively describes an incorporated village as a type of municipality. The second sentence is separate from this statement, and we do not interpret it as a qualification to the first sentence. Rather, we interpret the second sentence to explain that an incorporated village is subject to the land use regulations of the town in which the incorporated village lies spatially, unless the village adopts its own municipal plan and bylaws.

Consequently, we conclude that the Village is a distinct "municipality" for the purposes of 24 V.S.A. Chapter 117, but that it is subject to the Town's municipal plan and bylaws, as the parties agree that the Village lies spatially within the Town and has not adopted its own plan or bylaws. Stated simply, we conclude that the Village is a separate municipality that is governed by the Town's land use regulations.

Having determined that the Village qualifies as a distinct "municipality" for the purposes of 24 V.S.A., Chapter 117, we turn now to whether the Village, as a distinct municipality, has a right to appeal under 24 V.S.A. § 4465(b)(2) and § 4471. As stated above, these statutory provisions collectively grant appellant rights to a municipality, provided that the municipality has participated in the proceedings below and is "[t]he municipality that has a plan or a bylaw at issue in an appeal brought under this chapter or any municipality that adjoins that municipality." 24 V.S.A. § 4465(b)(2).

For the purpose of adjudicating this pre-trial motion, we have accepted as true the allegation that the Trustees of the Village participated in the Planning Commission proceedings below. We note that the meeting minutes submitted by the Village as attachments to their filings also reflect the presence of the Trustees in both proceedings. Because the concerns expressed by the Trustees during the proceedings below are those of the Village rather than of the Trustees as individuals,[2] we understand the Trustees' presence to be as representatives of the Village. We therefore conclude that the Village has met the participation requirement necessary to appeal in Docket Nos. 191-11-10 Vtec and 168-11-11 Vtec.

Turning to the final remaining requirement for the Village to appeal, that the Village is a type of municipality granted appellant rights under subsection (b)(2) of § 4465, we conclude that it does qualify as either type of municipality described in subsection (b)(2) and thus has appellant rights. The Village qualifies as a municipality with a bylaw at issue because the Village is subject to the Town's bylaws, the bylaws regulating the proposed development in the matters before us. Alternatively, if the Town is considered to be the sole municipality with a bylaw at issue here, the Village qualifies as a municipality that adjoins that municipality because the parties agree that the Village is spatially within the boundaries of the Town and, thus, the boundaries of the two municipalities touch each other in the classic sense of adjoining. See, e.g., Black Law's Dictionary (9th ed. 2009) (defining "adjoining" as "[t]ouching; sharing a common boundary; CONTINGUOUS").

Accepting as true the uncontroverted factual allegations made by the parties here, we conclude that the Village has appellant rights in both Docket Nos. 191-11-10 Vtec and 168-11-11 Vtec. We therefore **DENY** Applicant's motion insofar as it requests dismissal of the Village as an appellant in Docket Nos. 191-11-10 Vtec and 168-11-11 Vtec.

**The Village's Ability to Appear as an Interested Person**

The remainder of Applicant's motion questions the Village's ability to appear as an interested person in Docket Nos. 46-3-10 Vtec and 120-7-10 Vtec. Applicant requests that the Court limit the Village's participation to those issues for which the Village can demonstrate an impact on its interests as a nearby property owner.

We first note that the Village is not asserting that it qualifies as an "interested person" under subsection (b)(3) of 24 V.S.A. § 4465, which requires a party to demonstrate an impact on its interest. Instead, as discussed above, it asserts that it is a municipality and "interested person" under subsection (b)(2), which describes the types of municipalities with appellant rights and does not include the same requirement as subsection (b)(3). Therefore, we deny

---

[2] The concerns expressed by the Trustees are on the order of Village traffic and stormwater capacity; there are no concerns expressed that appear related to the Trustees as individuals.

Applicant's request to limit the Village's participation to those issues for which it can demonstrate an impact on its interests.

We further conclude that the Village has a right to appear as an interested person in Docket Nos. 46-3-10 Vtec and 120-7-10 Vtec pursuant to 24 V.S.A. § 4465(b)(2). Parties qualifying as "interested person[s]" under 24 V.S.A. § 4465(b)(2) have a right to appear in the appeals of others, regardless of whether they participate below. See 10 V.S.A. § 8504(n)(5);[3] V.R.E.C.P. 5(4)(c). As discussed above, we have concluded that the Village is a type of municipality described in 24 V.S.A. § 4465(b)(2). Thus, we conclude that the Village has a right to appear as an interested person in Docket Nos. 46-3-10 Vtec and 120-7-10 Vtec.

Consequently, we **DENY** Applicant's motion insofar as it requests dismissal of the Village as an interested person in Docket Nos. 46-3-10 Vtec and 120-7-10 Vtec or requests the limitation of the Village's ability to participate to those issues for which it can demonstrate an impact on its interests. The Village can participate on all of the issues Applicant has preserved for our review in these appeals.

### Conclusion

In summary, we **DENY** Applicant's motion to dismiss the Village as an appellant in Docket Nos. 191-11-10 Vtec and 168-11-11 Vtec and as an interested person in Docket Nos. 46-3-10 Vtec and 120-7-10 Vtec.

The Court will schedule a follow-up conference to occur in the next thirty days for the purposes of addressing the status of these four appeals, as well as the related appeal in Docket No. 70-5-11 Vtec. At that conference, the parties should be prepared to discuss the wisdom of mediation and should have collectively identified, prior to the conference, a mediator who is acceptable to all of the parties so that mediation, if warranted, can proceed efficiently.

_____          _____June 19, 2012_____
        Thomas S. Durkin, Judge                              Date
================================================================================
Date copies sent to: _____                    Clerk's Initials _____
Copies sent to:
   Jon T. Anderson, Attorney for Main Street Place, LLC
   Pietro J. Lynn, Attorney for Main Street Place, LLC
   William E. Simendinger, Co-counsel for Main Street Place, LLC
   Paul S. Gilles, Attorney for Village of Derby Line
   Robert Halpert, Attorney for Town of Derby

---

[3] A "party by right," which includes the "municipality in which the project site is located, and the municipal and regional planning commission for that municipality," can also appear in the appeals of others. See 10 V.S.A. §§ 8501(5), 8504(n)(2); V.R.E.C.P. 5(4)(c). While the Village may also be able to enter an appearance in Docket Nos. 120-7-10 Vtec and 46-3-11 Vtec under this provision, it has not made that argument, and has not alleged that the project site is located within its boundaries. Thus, we refrain from considering whether the Village is a party by right.