*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-180

NOVEMBER TERM, 2012

| | |
|---|---|
| Allen Rheaume | } APPEALED FROM: |
| | } |
| | } Superior Court, Windsor Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Andrew A. Pallito, Commissioner of the | } DOCKET NO. 817-11-09 Wrcv |
| Department of Corrections | } |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Plaintiff inmate appeals the superior court's summary judgment determination that his action challenging his classification as a high-risk sex offender was time-barred. We affirm.

On November 13, 2009, plaintiff filed a petition for review of governmental action under Vermont Rule of Civil Procedure 75 challenging the Department of Correction's decision classifying him as a high-risk sex offender and requiring certain programming based on that classification. In August 2010, the superior court granted the Department's motion to dismiss the action, concluding that review under Rule 75 was unavailable for the Department's classification and programming decisions. This Court reversed and remanded, holding in relevant part that the classification decision was reviewable under 13 V.S.A. § 5411b(b), and that a disputed question of material fact existed as to whether plaintiff filed his Rule 75 action within thirty days of receiving notice of the classification. See Rheaume v. Pallito, 2011 VT 72, ¶ 4, 190 Vt. 245. We reasoned that while it was difficult to harmonize defendant's claim that he had not received notice of the classification until mid-December 2009 when he had challenged the classification in an initial grievance filed in July of that same year, we concluded that "exactly when petitioner was given notice of his designation remains a question of fact and was improper for disposal on the pleadings." Id.

On remand, both plaintiff and the Department filed motions for summary judgment and submitted accompanying affidavits. The Department submitted to the superior court the same letter that it had relied upon earlier in the proceedings. The letter is dated July 24, 2007 and is addressed to plaintiff from the chair of the sex offender review committee. The letter informs plaintiff that he has been classified a high-risk sex offender and that he has thirty days to contest the classification. On the second page of the letter are the signatures of plaintiff and his caseworker. Plaintiff's signature is dated August 3, 2007. The State also submitted to the court a second letter dated July 24, 2007 from the chair of the committee to the caseworker telling her to deliver the first letter to plaintiff, to review its contents with him, and to have him sign the bottom of the letter to verify that the letter had been delivered to him. The Department also submitted into evidence an affidavit from the caseworker stating that she had received both letters on July 24, 2007, that she had met with plaintiff on August 3, 2007, as documented in her

attached case notes, and that plaintiff's signature, with which she was familiar, appears on the notification letter and is dated August 3, 2007.

In response, plaintiff filed an affidavit stating that the caseworker never notified him of the classification decision and never gave him the notification letter from the sex offender review committee. In his opposition to the Department's summary judgment motion, he notes that his signature is not at the "bottom" of the notification letter, as instructed in the letter to the caseworker, but rather on a separate blank piece of paper. Plaintiff raises the same point on appeal and argues that there was a genuine issue of material fact in dispute as to whether he was notified of the classification decision.

We find plaintiff's argument unavailing. He does not deny that the signature submitted by the Department in its exhibit is his signature. Nor does he deny that the signature is dated August 3, 2007, the same day that the caseworker's notes indicate that she met with plaintiff. Although his signature, along with that of the caseworker, is on a separate page from the body of the notification letter, plaintiff cannot avoid the undisputed fact that he and his caseworker signed the second page of the letter on August 3, 2007. Because he cannot demonstrate that there is any genuine issue of material fact in dispute as to whether he acknowledged being notified of the high-risk sex offender designation on August 3, 2007, summary judgment in favor of the Department was appropriate on the grounds that plaintiff's Rule 75 action was time-barred. See Poplaski v. Lamphere, 152 Vt. 251, 254-55 (1989) (stating that summary judgment is mandated when, after adequate period of time for discovery, party fails to establish elements essential to his case).

At oral argument, plaintiff argued for the first time that 13 V.S.A. § 5411b(b)-(c) requires that he be given notice of an opportunity to request a hearing before his designation as a high-risk sex offender, and that the Department's failure to provide such notice before its initial classification decision violated his constitutional right to due process. We do not consider this argument insofar as it was raised for the first time at oral argument. See TD Banknorth, N.A. v. Dep't of Taxes, 2008 VT 120, ¶ 33, 185 Vt. 45 (noting that Supreme Court "will not address arguments raised for the first time at oral argument").

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

2