# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                         Docket No. 170-12-14 Vtec

| Atwood PUD - Jericho |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion 1)
Filer:          Steven Atwood and Atwood Enterprises, Ltd.
Attorney:     Eric G. Parker
Filed Date:   December 10, 2014

Response in Opposition filed on 01/12/2015 by Attorney Carl H. Lisman for Appellants
Catherine Stevens et al.

**The motion is DENIED.**

Kevin Trout, Dorothy Wilson, Graham McAfee, Linda McAfee, Steven Wyatt, Donna Wyatt, Jeff Marshall, Jack Manning, Suba Luck, Brian Stevens, and Catherine Stevens (Appellants) appeal the Jericho Development Review Board's (DRB) October 27, 2014 final plat subdivision approval authorizing a six-unit, three-duplex planned unit development (PUD) subdivision on a 28.5 acre portion of a 123 acre parcel of land owned by Atwood Enterprises, Ltd. located at 44 Raceway Road, Jericho, Vermont (Project). Appellants filed their notice of appeal with the Environmental Division on December 3, 2014.

Stephen Atwood and Atwood Enterprises, Ltd. (Atwood) now ask the Court to dismiss this appeal on the grounds that the filing of the notice of appeal was more than 30 days following the date of the decision being appealed. Appellants oppose dismissal on the grounds that the Town's failure to timely serve them with a copy of the October 27 DRB Decision justifies the late filing of an appeal. Appellants offer that while the DRB's decision was signed on October 27, 2014, it was not recorded in the Town land records until November 7, 2014 and was not mailed by the Town and received by Appellants until November 17, 2014.

Whether a party has standing affects this Court's subject matter jurisdiction.  Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235.  As such, we review Atwood's motion to dismiss under the standard of review afforded by Rule 12(b)(1) of the Vermont Rules of Civil Procedure (V.R.C.P.), which governs motions to dismiss for lack of subject matter jurisdiction.  In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.).  Therefore, we accept as true all uncontroverted factual allegations and construe them in the light most favorable to the nonmoving party (here, Appellants).  Id.; Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

Title 10 V.S.A. § 8504(b)(1) and Vermont Rule for Environmental Court Proceedings (V.R.E.C.P.) Rule 5(b)(1) require that an appeal of a DRB decision be filed with the Environmental Division within 30 days of the date of the DRB decision.  Thus, a timely appeal in this matter would have had to have been filed on or before November 26, 2014.  Appellants filed their appeal on December 3, 2014.  Thus, we consider whether relief from the requirement that the appeal be filed within 30 days is warranted in this matter.

Relief from the 30 day appeal deadline may be granted pursuant to 10 V.S.A. § 8504(b)(2)(C) upon a finding that "manifest injustice" will result if the late appeal is not allowed.  Additionally, V.R.E.C.P Rule 5(b)(1) authorizes this Court to extend the appeal deadline as provided in Rule 4 of the Vermont Rules of Appellate Procedure (V.R.A.P.).  Pursuant to V.R.A.P. 4(d), the party seeking relief from the deadline must show "excusable neglect or good cause."

A finding of manifest injustice requires that due process or fundamental administrative fairness demand that the movant be allowed to contest the municipal approval, notwithstanding the strong policy interest in finality.  In re Feeley Constr. Permits, Docket Nos. 4-1-10 Vtec & and 5-1-1 Vtec, slip op. at 7 n.4 (Vt. Super. Ct. Envtl. Div July 5, 2011) (Wright, J.). While constitutional principles of procedural due process guarantee an opportunity to present objections to government action before the action deprives a party of property interests, due process does not entitle one to delay the assertion of an appeal until after he has observed contested activities or construction on adjacent property.  Id. at 7 (citations omitted).  The bar to show excusable neglect or good cause to file a late appeal is lower.  The movant "must

2

explain the delay, including any reasons why an appeal was not filed as soon as possible after the appellant became aware of the possible need or opportunity for appeal." Id.

Based upon the facts of this case, Appellants were not served a copy of the DRB's October 27 decision until November 17, 2014. Appellants may be considered to have had constructive notice of the DRB's decision, however, when it was recorded in the Town's land records on November 7, 2014.

When a potential appellant has reason to know of a DRB decision, even if they were not served with a copy of the decision, the appeal period runs from the time of having reason to know. See In re Saman ROW Approval, Docket No. 176-10-10 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2011). The earliest time that Appellants could be put on notice of the DRB decision is November 7, the date of recording of the decision. Appellants filed their notice of appeal on December 3. We therefore conclude that Appellants did not delay in bringing their appeal but rather filed an appeal within a reasonable time after becoming aware of the possible need or opportunity for appeal.

## Conclusion

For all of the above reasons, we **DENY** the motion to Dismiss.

During the Court's recent status conference in this matter, we established deadlines for filing a more specific statement of questions, filing written dates of unavailability for trial and for completing discovery.

Electronically signed on February 18, 2015 at 10:15 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Municipality Town of Jericho
Carl H. Lisman (ERN 3882), Attorney for Appellants Kevin Trout, John Wilson, Graham McAfee, Linda McAfee, Steven Wyatt, Donna Wyatt, Jeff Marshall, Marilyn Marshall, Jack Manning, Suba Luck, Brian Stevens, and Catherine Stevens
Eric G. Parker (ERN 3626), Attorney for Appellee Steven Atwood