*Cote v. Menard*, 116-2-18 Wncv (Teachout, J., Oct. 3, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 116-2-18 Wncv** |

**ROBERT COTE**
  **Plaintiff**

  **v.**

**LISA MENARD**
  **Defendant**

### DECISION
#### The State's Motion for Summary Judgment
#### Mr. Cote's Motion for Voluntary Dismissal Without Prejudice

Plaintiff Robert Cote, an inmate in the custody of the Commissioner of the Department of Corrections, asserts in his amended complaint that the Vermont Department of Corrections removed him from its work camp program without a hearing due to issues (characteristics of his criminal convictions) that pre-existed his participation in work camp. He asserts that doing so violated its own work camp policy and his due process rights. The State has filed a motion for summary judgment arguing that this court lacks subject matter jurisdiction because Mr. Cote failed to exhaust his administrative remedies, that the DOC's programming decisions are unreviewable, that due process does not attach to the DOC's purely discretionary programming decisions, and that, in any event, it followed its own rules in removing Mr. Cote from the work camp.

In response to the summary judgment motion, Mr. Cote filed a "notice," which the court treats as a motion, seeking permission to voluntarily dismiss this case without prejudice so that he may exhaust his administrative remedies. Mr. Cote has not filed any opposition to summary judgment otherwise. He thus has not offered any reason that his claims, once he exhausts administrative remedies, would survive the other bases for dismissal already briefed by the State. The State objects to dismissal without prejudice because it already has gone to the trouble of filing a motion for summary judgment. See V.R.C.P. 41(a) (no voluntary dismissal without prejudice of right once summary judgment motion filed).

Mr. Cote's motion for voluntary dismissal without prejudice is denied. The State already has filed a motion for summary judgment. Even if Mr. Cote were to properly exhaust his administrative remedies and file suit again, he offers no reason why his claims would survive a motion to dismiss on the issues already briefed by the State in its motion.

The court cannot review the DOC's decision to remove Mr. Cote from or to not return him to work camp. The DOC's work camp decisions are not reviewable. Work camp is a program of "rehabilitation through community service." *Charbonneau v. Gorczyk*, 2003 VT 105, ¶ 6, 176 Vt. 140. Generally, the DOC's decisions about any particular inmate's

programming are unreviewable. *Rheaume v. Pallito*, 2011 VT 72, ¶ 11, 190 Vt. 245. No statute or rule requires the DOC to place any inmate, eligible or not, in work camp. Similarly, no statute or rule requires the DOC to give an inmate who is in work camp, or who is eligible but not in work camp, good time credit. See 28 V.S.A. § 811 (credit is discretionary).

Mr. Cote had no right to be placed in work camp, and he had no rights to enforce any restrictions on the DOC's decision to remove him from work camp. There is no apparent liberty or property interest at stake that could support any due process claim.

ORDER

For the foregoing reasons,

1. Mr. Cote's Motion for Voluntary Dismissal Without Prejudice is *denied*, and
2. The State's Motion for Summary Judgment is *granted*.

Dated at Montpelier, Vermont this _____ day of October 2018.

_____
Mary Miles Teachout
Superior Judge