STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 96-9-18 Vtec

| Brattleboro Memorial Hospital Act 250 |
|---|

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (96-9-18 Vtec)

Title:          Motion for Partial Dismissal Revised SOQ (Motion 5)

Filer:          Brattleboro Memorial Hospital

Attorney:       Christopher D. Roy

Filed Date:     December 13, 2018

No response filed

**The motion is GRANTED.**

This appeal concerns a state land use permit amendment that was issued by the District #2 Environmental Commission ("District Commission") to Brattleboro Memorial Hospital ("BMH"). This permit amendment specifically authorizes BMH to replace its existing heating system "with a series of high-pressure steam boilers."[1] Re: Brattleboro Mem'l Hosp., App. #2W0854-A, Findings of Fact, Conclusions of Law and Order at 1 (Dist. 2 Envtl. Comm'n, Aug. 7, 2018). No other work or improvements are authorized by the appealed permit amendment.

On September 10, 2018, Sandra Cunningham and Francine Condosta filed an appeal of Permit #2W0854-A. Ms. Condosta later advised that she wished to withdraw from this appeal, leaving Ms. Cunningham as the sole appellant in these proceedings.

Ms. Cunningham ("Appellant") initially filed a Statement of Questions on October 10, 2018, listing sixty Questions for the Court's consideration.[2] Her filing prompted BMH to file a motion to dismiss or clarify her Statement of Questions. During the Court's initial telephonic conference with the parties on November 26, 2018, Appellant agreed to file a revised Statement

---

[1] The more substantial improvements to the hospital that were the subject of Act 250 Permit #2W0854 and its other amendments are not the subject of these appeal proceedings.

[2] Ms. Condosta also filed, with her Notice of Appeal, a five-page, un-numbered statement of her concerns about various operations, existing and proposed, at BMH. That filing prompted BMH to file a motion to dismiss the Statement. BMH's motion was rendered moot when Ms. Condosta withdrew her appeal.

of Questions. In response, BMH's counsel agreed to withdraw the pending motion to dismiss or clarify.

Appellant filed her Revised Statement of Questions on December 9, 2018; the Revised Statement contains seven Questions. BMH has concerns about several Questions that Appellant poses and filed a further motion to have some of the Revised Questions dismissed. That motion is now ripe for the Court's adjudication.

When considering a motion to dismiss, we follow the standards established in V.R.C.P. 12(b)(1), since the Civil Procedural Rules govern proceedings in this Division. See V.R.E.C.P. 5(a)(2). When considering V.R.C.P. 12(b)(1) motions to dismiss, "we accept all uncontroverted factual allegations of the nonmovant as true and construe them in the light most favorable to the nonmovant." In re Burns 12 Weston St. NOV, No. 75-7-18 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 5, 2019) (citing Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245). We therefore provide this deference to Appellant when considering BMH's pending dismissal motion.

By her Question 1, Appellant asks whether "[A]pplicant and [the] permit amendment comply with the mandates of Permits #2W0854-15, 2W0854-14 and Criteria 8 [sic]." Since Appellant has chosen not to respond to BMH's dismissal motion, we are left to wonder what facts Appellant believes form the foundation for her concerns.

BMH advises that Act 250 Permit #2W0854-15 was a permit amendment obtained in 2012 that was related to renovations to the Hospital's main entrance and Emergency Department entrance and that Permit #2W0854-14 was issued in 2008 and involved the reconfiguration of BMH's traffic circulation. Again, due to Appellant's decision to not file a response, we are left not knowing how the proposed heating system replacement project relates to the improvements authorized by the 2008 and 2012 Permits. See V.R.C.P. 78(b)(1) ("Any party opposed to the granting of a written motion shall file a memorandum in opposition thereto . . . . If a memorandum in opposition is not timely filed when required under this rule, the court may dispose of the motion without argument."); see also Pasic v. Univ. of Vt. Med. Ctr., No. 2017-332, slip op. at 1-3 (Vt. Jan. 2018) (mem.).

For this reason, we must **GRANT** BMH's motion to dismiss as to the references to the prior Act 250 permits in Question 1.

We are uncertain how the pending heating system replacement project might jeopardize conformance with Act 250 Criterion 8 but conclude that such a question is a legitimate inquiry in this appeal. The reference to Act 250 Criterion 8 in Appellant's Question 1 therefore survives this motion to dismiss.

By her Question 2, Appellant asks whether "the [A]pplicant and project as described in Application #2W0854 and its amendment comply with Act 250 ENVIRONMENTAL BOARD RULE 10 V.S.A. 6086 Chapter 34 E2 [sic] and 10 VSA 6090 38(c) [sic]." We find Appellant's statutory and Rule references difficult to decipher.

First, to the extent Appellant is asking this Court to review BMH's original Act 250 Permit (#2W0854) in this appeal of a subsequent permit amendment proceeding, we decline to do so. The only application that we have jurisdiction to consider in this appeal is Application #2W0854-

A, which concerns the proposed heating system replacements. We therefore **DISMISS** Appellant's reference to the original Permit in her Question 2.

We do not understand Appellant's reference to 10 V.S.A. §6086, which includes a list of all ten criteria, including the thirty-seven sub-criteria. Without some direction from Appellant, we must also **DISMISS** this portion of her Question 2.

Act 250 Rule 34(E)(2) details the "flexibility versus finality" test that sometimes becomes a question in Act 250 permit amendment proceedings, particularly when an applicant is requesting that a prior permit condition be changed. That Rule specifically provides that "[i]f the applicant proposes to amend a permit condition that was included to resolve an issue critical to the issuance of a [prior] permit," the district commission in the first instance, and this Court on appeal, must complete a "flexibility vs. finality" analysis. Id. We are left to wonder what prior permit condition, or even what prior permit, Appellant may be referring to in Question 2. Without some explanation, we must **DISMISS** this reference in Question 2 as well.

Section 6090 of title 10 provides for the recording, duration, and revocation of Act 250 permits. We have received no explanation for how this statutory provision is germane to the pending appeal. We therefore conclude that it must be **DISMISSED** as well.

Lastly, Appellant appears to make a reference in her Question 2 to Act 250 Rule 38(c). That Rule governs the voluntary and involuntary abandonment of Act 250 permits. Id. We have received no explanation for how those Rule provisions are relevant to the pending permit amendment application. We therefore conclude that we lack jurisdiction to consider such a question.

For all these reasons, we **GRANT** BMH's motion to dismiss as to the entirety of Question 2.

Appellant's Question 4 asks whether the proposed project complies with the Town of Brattleboro Land Use Regulations. This appeal solely concerns an application for an amendment to a state land use permit. BMH advises that the proposed project has already received approval from the Town of Brattleboro and that no appeal was taken from that approval. Therefore, the determination that the proposed project complies with the municipal regulations has become final and cannot be challenged in this proceeding. 24 V.S.A. § 4472(d). We therefore **GRANT** BMH's motion to dismiss Appellant's Question 4.

Similarly, Appellant in her Question 5 asks whether "the application and project violate a clear community standard in Brattleboro Code of Ordinances in Article VI Sec 13-101, Sec. 13-102 (b.),(c.),(h.),(k.), Sec 13-103 [sic]?" We have not been provided with these municipal ordinances, nor with an explanation of how they govern the proposed project or under what Act 250 criteria we have jurisdiction to consider their import. For these reasons, we must **DISMISS** Appellant's Question 5 as well.[3]

---

[3] We recognize that BMH has not expressly requested dismissal of Appellant's Question 5. However, we take up the issue on our own. See V.R.C.P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action") (emphasis added). In the event Appellant requests reconsideration and provides an explanation of how this Court can assert jurisdiction over

Lastly, BMH requests dismissal of Appellant's final two Questions, Questions 6 and 7, asserting that they speak to the burdens of proof and sufficiency of evidence that will be addressed when this *de novo* appeal goes to trial.  Question 6 asks whether BMH submitted "accurate and substantial information to the Act 250 commission."  Such a question is not proper in a *de novo* appeal.  See, e.g., In re Northeast Materials Grp., No. 143-10-12 Vtec, slip op. at 4-5 (Vt. Super. Ct. Envtl. Div. May 9, 2013) (Walsh, J.) (dismissing questions from Statement of Questions concerning the sufficiency of the evidence below).  Rather, this Court will make its own determination of what information and other evidence is most credible at the Court's own trial. It is premature for this Court to decide whether BMH has submitted sufficient evidence for the Court to render positive findings and legal conclusions under all the challenged criteria. Appellant's Question 7 appears to suffer from a similar deficiency, since it references a "Study" and "Memos" submitted to the District Commission.  If such a study or memo is submitted to the Court for its consideration at trial, the Court will then make the appropriate evidentiary determinations.

For these reasons, the Court **GRANTS** BMH's motion to dismiss all of Appellant's Question 1, except for the reference to Act 250 Criterion 8, and further **DISMISSES** Appellant's Questions 2, 4, 5, 6, and 7 in their entirety.  The consequence of this Entry Order is that only a portion of Question 1 and all of Question 3 remain for adjudication at trial.

The undersigned requests that the Court Operations Manager set this matter for a follow-up conference, so that the Court and the parties may discuss what needs to be completed to prepare for trial.

**So Ordered.**

Electronically signed on April 12, 2019 at Montpelier, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Appellant Sandra Cunningham
Gregory J. Boulbol (ERN 1712), Attorney for the Natural Resources Board
Christopher D. Roy (ERN 1352), Attorney for Appellee/Applicant Brattleboro Memorial Hospital
Robert M. Fisher (ERN 4228), Attorney for the Town of Brattleboro

---

such a Question in this Act 250 appeal **within the thirty days following the publication of this Entry Order**, we will consider reinstating Appellant's Question 5.