VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00138



| | |
|---|---|
| **Younger Wetlands Permit Appeal** | **DECISION ON MOTIONS** |

This is an appeal of individual wetland permit #2022-0950 dated October 18, 2023, (the "Permit") issued by the Vermont Agency of Natural Resources ("the Agency") to Mark Younger ("Applicant") for the construction of a 14-foot-wide driveway and the widening and stabilization of a dam as well as the widening of the road crossing the dam to access the property located at 654 Middle Road, Dummerston, Vermont (the "Property").  Several neighboring landowners[1] ("Neighbors") requested reconsideration of the Permit, which the Agency upheld in a letter dated November 7, 2023. Neighbors then appealed the reconsideration decision to this Court on December 6, 2023.

Presently before the Court are three separate motions to dismiss this appeal.  On February 22, 2024, Applicant moved to dismiss this appeal on the grounds that Neighbors lack standing to appeal the Permit and that the Court does not have jurisdiction over the Statement of Questions.  Later, on March 15, 2024, the Agency moved to dismiss the appeal pursuant to Vermont Rule of Civil Procedure ("V.R.C.P.") 12(b)(6) for failure to state a claim upon which relief can be granted.  Neighbors responded to Applicant's motion by requesting to file a revised Statement of Questions and explaining their proffered standing, accompanied by affidavits, on March 23, 2024.  Rather than reply in support of their motion, Applicants responded to Neighbors' March 23 filing by submitting a new motion to dismiss the appeal on April 5, 2024, raising similar arguments to their February 22, 2024, motion. Finally, on April 15, Neighbors filed a response to the Agency's motion to dismiss along with a second amended Statement of Questions.  Currently, all three motions are under advisement.

---

[1] Those neighbors are Ann Schroeder, Jane Smith, Emily and Jesse Wagner, Eesha Williams, and Elizabeth Wood.

## Discussion

The pending motions to dismiss are based on different legal grounds which have separate legal standards. Applicant's motion challenges Neighbors' standing pursuant to V.R.C.P. 12(b)(1), whereas the Agency moves to dismiss for failure to state a claim upon which relief can be granted pursuant to V.R.C.P. 12(b)(6). We discuss each motion separately below, stating the applicable legal standards and this Court's conclusions.

### I. Standing

Having reviewed the record, we conclude that Neighbors have not sufficiently demonstrated that they have standing to bring this appeal. A party's standing is a question of subject matter jurisdiction. Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234 (citation omitted). When reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1), the Court accepts as true all uncontroverted factual allegations and construes them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶2, 190 Vt. 245.

To have standing to appeal an Agency decision, one must meet all relevant statutory requirements. See 10 V.S.A. § 8504(a) ("any person aggrieved by an act or decision by the Secretary… may appeal to the Environmental Division . . . ."). To have standing, a person must allege "an injury to a particularized interest . . . attributable to an act or decision by . . . the Secretary . . . that can be redressed by the Environmental Division . . . ." 10 V.S.A. § 8502(7).

The Permit on appeal is one for general road improvements. Neighbors do not allege an injury to their interests resulting from the activities authorized by the Permit. Rather, Neighbors take issue with logging activities which will occur outside of the applicable wetland and buffer zone as a result of the road expansion. The Permit does not authorize logging or silvicultural activities on the Property. Rather, the Permit is limited to reviewing the impacts of the proposed road expansion within the wetland and buffer zone.

Neighbors do not make any claim to their interests related to impacts caused by the limited activities authorized by the Permit. By example, the affidavit of Ann Schroeder explains that her concern with the Permit is that "the resulting logging activity will affect the absorption and retention of surface water impacting the location, stability and reliability of the water table serving my well." Affidavit of Ann Schroeder. Ms. Schroeder further explains that "I have a reasonable concern that the logging activities undertaken if the permit is granted will result in constant and intrusive and disturbing machinery noise and large truck noise and traffic from felling and transporting timber using the newly constructed road. . . ." Id. This affidavit, along with the four others which were filed, fails

to specify any impacts caused by the road expansion itself and the scope of the Permit before the Court. Instead, Neighbors' alleged impacts in support of their standing address a use that is not before the Court in this appeal. This cannot give rise to standing in this context. Accordingly, we **GRANT** Applicant's motion on the grounds that Neighbors have failed to demonstrate an injury, personal to them, related to the Permit on appeal.

## II.    Statement of Questions

In reviewing all three of Neighbors' Statements of Questions,[2] we conclude that Neighbors fail to raise a triable issue upon which this Court can provide relief.

The scope of this Court's jurisdiction is limited by the permit application on appeal. See In re Snowstone LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 29, 214 Vt. 587 (explaining the prohibition against advisory opinions). As such, it is outside this Court's jurisdiction over the individual wetlands permit, which is for the construction of the driveway and road expansion, to consider activities outside of the scope of the application. Furthermore, a Statement of Questions must not be overly vague, and must provide notice to the Court and parties of the issues on appeal. Champlain Parkway SW Discharge Permit, No. 76-7-18 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. April 29, 2019) (Durkin, J.); In re Couture Subdivision Permit, No. 53-4-14 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. July 17, 2015) (Durkin, J.) (dismissing a question that did not reference any specific provisions, just the applicable regulations generally). With this framework in mind, we turn to Neighbors' Questions to determine whether they raise issues within this Court's jurisdiction.

Neighbors' original Statement of Questions, filed on December 27, 2023, fails to cite to any relevant provision in the Vermont Wetland Rules ("VWR"). This deficiency was raised in the Agency's motion to dismiss, which Neighbors responded to in filing the second amended Statement of Questions, filed on April 15, 2024, as well as in the Applicant's two motions.

The Second Amended Statement of Questions includes citations to specific provisions in the VWR, but those provisions do not include substantive criteria related to the application upon which this Court can grant relief.

---

[2] We note that in order to amend a Statement of Questions a party must first seek Court approval. See In re Atwood Planned Unit Development, 2017 VT 16, ¶ 12, 204 Vt. 301 (citation omitted). Neighbors' sought approval to amend the Statement of Questions in their responses to each motion, but never filed a separate motion. No party has formally objected to the most recently amended SOQ. Despite the lack of formal motions to amend, we have considered all three Statements of Questions in reviewing the pending motions and conclude that none of them raise triable issues for this Court to adjudicate.

Question 1 of the Second Amended Statement of Questions cites to VWR § 9.5, which includes the entirety of the individual wetland permit review standards. The Question does not point to a specific standard or raise any fact which would give rise to a violation of the standards in § 9.5.

Question 2 of the Second Amended Statement of Questions asks whether the truck road complies with section 8.3 of the permit application. It is unclear to the Court what this Question is asking, but to the extent that it challenges whether the project, as constructed, complies with the terms of the Permit, that Question is outside of our review of whether the application complies with the relevant standards in the VWR. If the project does not comply with the terms of the Permit after construction, that issue would need to be addressed through an Agency enforcement action. In any case, this Question fails to provide the Court and parties with sufficient information to understand what is being asked.

Lastly, Question 3 asks whether buffer modification should be a mitigation measure under VWR § 9.5(b)(2)–(3). This Question misconstrues the wetlands permitting process, in which buffer modification is not at issue. Under the VWR, buffer modification can occur at the discretion of the Secretary through a wetland determination proceeding pursuant to VWR § 4.3 but is not required as part of a wetlands permit review proceeding under VWR § 9.5. There is no regulatory requirement upon which this Court could deny the Permit due to the Agency's failure to consider buffer modifications.

Neighbors also filed a separate amended Statement of Questions on March 23, 2024, in response to Applicant's first motion to dismiss. Question 1 fails to cite to any provision in the VWR. Question 2 asks whether the project complies with VWR §§ 6.2, 6.3 and § 8.3. None of these sections contain any substantive criteria upon which to review the pending application. Lastly, Question 3 asks whether buffer modification was appropriately excluded as a mitigation measure under VWR § 9.5(b)(2)–(3). As explained above, buffer modification is not a requirement of the permitting process, and therefore there is no criteria upon which this Court can grant the relief Neighbors seek. Accordingly, we conclude that Neighbors' Questions do not raise issues upon which relief can be granted, and we hereby **GRANT** the Agency's motion to dismiss.

<u>Conclusion</u>

This is an appeal of an individual wetland permit for the construction of a 14-foot-wide driveway, the widening/stabilization of a dam, and the widening of a road crossing the dam. Neighbors raise no issues relating to these activities that would confer them with standing to appeal the Permit. Rather, they take issue with the logging activities occurring outside of the wetland and

buffer zone. These supposed future logging activities are outside the scope of the Permit and application and are therefore outside the scope of our review. Neighbors fail to allege an injury relating to the permitted activities, and by extension, fail to state a claim which would entitle them to relief. Accordingly, we **GRANT** the pending motions to dismiss.

Electronically signed at Brattleboro, Vermont on Monday, July 1, 2024, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division