VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00130



## 210 Fishkill Permit Appeal

Motion:      Emergency Motion to Dismiss (Motion: 7)

Filer:      Alexander J. LaRosa, Esq.

Filed Date:      November 23, 2024

Appellant's Memorandum in Opposition, filed on November 24, 2024, by Scott Rank.

Reply in Support, filed on November 25, 2024, by Alexander J. LaRosa, Esq.

Town of Morristown Reply in Support of Motion and Opposition to Appellant's Motion to Continue Trial, filed on November 25, 2024, by L. Brooke Dingledine, Esq.

**The motion is GRANTED**.

In this matter, Scott Rank appeals a Town of Morrisville (Town) Development Review Board (DRB) decision dated October 17, 2024 denying an appeal of Zoning Permit #2023-088.  Zoning Permit #2023-088 authorized Cordelia and Edward Ryan (Applicants) to host events on their farm as an accessory on-farm business (the Project) at property having an address of 210 Fishkill Road, Morrisville, Vermont (the Property).  Presently before the Court is Applicants' motion to dismiss Mr. Rank on the grounds that he has sold his property in the immediate neighborhood of the Property and Project and has since moved.[1]

A party's standing is a question of subject matter jurisdiction.  Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234.  Therefore, the Court reviews Applicant's motion under the standard of review afforded by Vermont Rules of Civil Procedure ("V.R.C.P.") Rule 12(b)(1).  In re Main St. Place LLC, Nos. 120-7-10 Vtec, 191-11-10 Vtec, et. al., slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jun. 19, 2012) (Durkin, J.).  That is, the Court accepts as true all uncontroverted factual allegations and

---

[1] Applicants' motion also addresses Amina Rank's residence and standing.  Ms. Rank is not a party to this action and therefore, to the extent the motions address both Mr. and Ms. Rank, it is only Mr. Rank's standing that is of import to the present action.

construes them in a light most favorable to the nonmoving party, Mr. Rank here. <u>Rheaume v. Pallito</u>, 2011 VT 72, ¶ 2, 190 Vt. 245.

An interested person who has participated in a municipal regulatory proceeding may appeal the resulting to this Court. See 24 V.S.A. § 4471. Pursuant to 24 V.S.A. § 4465(b)(3), as applicable here, an "interested person" is:

> A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

24 V.S.A. § 4465(b)(3).

Section 4465 is specific to current landowners or occupiers of property in the immediate neighborhood of a subject property. <u>In re Shuyler NOV</u>, No. 29-2-12 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. May 30, 2012) (Walsh, J.). This is because "affording interested person status to a past owner or occupier could lead to absurd results because a past owner or occupier's interest may be adverse to those of a current owner or occupier." <u>Id</u>. Further, while "immediate neighborhood" is not defined by statute, in order to determine whether a property is in the immediate neighborhood of a proposed project we "will consider the physical environment surrounding the project and the nexus between the project, the potential party, and the potential" party's property. <u>Two Bad Cats, LLC Conditional Use</u>, No. 169-12-14 Vtec, slip op. at 3 (Vt. Super Ct. Envtl. Div. May 29, 2015) (Walsh, J.) aff'd. No. 2015-238 (Nov. 19, 2015) (unpub. mem.) (citations omitted). Distance between the potential party's property and the proposed project is one factor that we consider in determining "whether the party potentially could be affected by any aspects of the project which have been preserved for review on appeal." <u>Id</u>. (internal quotations omitted); see also <u>In re Bostwick Rd.-2 Lot Subdivision & Final Plan Application</u>, No. 2006-128, slip op. at *2-3 (Jan. 2007) (unpub. mem.) (affirming Environmental Court's decision that party's property was not in the immediate neighborhood of a proposed project because the properties were not adjacent; they were separated by "extensive acreage, dense vegetation, and rolling hills" so that one was not visible from the other; and because there was no indication that traffic would be affected).

Applicants allege, and Mr. Rank does not legitimately dispute, that he sold his property that was in the immediate neighborhood of the Property and has since moved out of Morrisville to Stowe. To the extent that Mr. Rank alleges that he may be able to retain his appeal because he was a past

owner or occupier of property in the immediate neighborhood of the Property, his past ownership and occupation of a property in the immediate neighborhood of the Project does not afford him standing after he has sold such a property and moved from the area. Shuyler NOV, No. 29-2-12 Vtec, slip op. at 3 (May 30, 2012) (Walsh, J.). Thus, to the extent that Mr. Rank asserts that he retains interested person status based on his past ownership of his previous residence, § 4465 is limited to current, not past, ownership or occupation.

Further, Applicants assert that Mr. Rank's new residence is outside the immediate neighborhood of the subject property and Mr. Rank does not assert that his new residence is within the immediate neighborhood of the Property or dispute Applicants' assertion to the contrary. Thus, it appears undisputed that Mr. Rank's new property is outside of the immediate neighborhood of the Property.

To the extent, however, that Mr. Rank asserts that his new property is within the immediate neighborhood such that he may maintain his appeal, we conclude that it is not. Applicants reply in support of the pending motion shows that Mr. Rank's new home is approximately one mile from the Property "as the crow flies," and is more than 4 miles away from the Property by car. While distance itself is not determinative of whether a property is within the "immediate neighborhood" of a subject property, an aerial photo provided show there are extensive woodlands, fields, and development between the Project and Mr. Rank's new property, including Route 100. Mr. Rank does not assert that he can see the Property from his new residence, or that he will be impacted from any aspect of the Project at his new residence. He has therefore failed to provide any allegation to support that his new residence in Stowe is within the immediate neighborhood of the Property and that the Project will result in any impact to him at this location.

Instead, Mr. Rank asserts that he may maintain his suit "based on persistent environmental concerns, which are inherently tied to the neighborhood despite changes in property ownership." Appellant Memorandum in Opposition (filed on Nov. 24, 2024). This assertion is connected to his prior residence and neighborhood and not his current residence and neighborhood.[2] For the reasons

---

[2] The Court notes that Mr. Rank's assertion and reasoning that he is entitled to maintain the appeal despite moving from the immediate neighborhood, and the injury he seeks to present in this appeal, violate the long-standing prohibition against third party standing. Put simply, Appellant does not have standing to assert the rights of others not before the Court. See Baird v. City of Burlington, 2016 VT 6, ¶ 15, 201 Vt. 112; Bischoff v. Bletz, 2008 VT 16, ¶ 16, 183 Vt. 235. Further, this Court's jurisdiction is limited to "actual cases and controversies." Parker v. Town of Milton, 169 Vt. 74, 76—77 (1998). Read together, these cases address constitutional limitations that require that a party, here an appellant, demonstrate injury in fact, causation, and redressability in order to have standing in court. Baird, 2016 VT 6, ¶ 13. Mr. Rank's assertion in opposition to the pending motion is that he intends to raise alleged injuries and impacts to those not before the Court in this appeal. Having moved from the immediate neighborhood and sold his property therein,

set forth above, his prior ownership of property is insufficient to afford him standing to appeal the underlying zoning decision to this Court. Thus, even construing the facts in a light most favorable to Mr. Rank, we conclude that his new property is not in the immediate neighborhood of the Property.[3]

For the forgoing reasons, Applicants' motion is **GRANTED** and Mr. Rank is **DISMISSED**.

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed this 26th day of November 2024, pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

Mr. Rank lacks standing at a broader level to raise alleged impacts to the neighborhood or its residents not before the Court when he is no longer a resident thereof or owner of property therein.

[3] The Court notes that Mr. Rank's response to the pending motion requests both denial of the motion and a postponement of this Court's merits hearing, presently scheduled for next week, to allow him additional time to provide an additional response to the pending motion. This request must be denied because additional time will not remedy the fundamental flaws with Mr. Rank's standing. First, that he no longer owns or occupies property in the immediate neighborhood of the Project, which he largely does not dispute in his response to the pending motion. Second, that his allegations of injury and standing in this appeal are based on his past ownership of such a qualifying property, which is not grounds to afford him standing in this appeal and to raise issues on behalf of his former neighborhood.