# STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
|---|---|
| Vermont Unit | Docket No. 167-11-14 Vtec |

<div style="border:1px solid black">

## Davis WW/WS Permit

</div>

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss (Motion 1)
Filer:       Steven Atwood
Attorney:    Eric G. Parker
Filed Date:  December 10, 2014

No response filed

**The motion is GRANTED.**

Brian Stevens and Catherine Stevens (the Stevens) appeal the Vermont Agency of Natural Resources' (ANR) October 21, 2014 issuance of Wastewater System and Potable Water Supply Permit WW-4-4309 approving three shared drilled wells and one shared wastewater disposal system for a six-unit, three-duplex planned unit development (PUD) subdivision on a 28.5 acre portion of a 123 acre parcel of land owned by Atwood Enterprises, Ltd. located at 44 Raceway Road, Jericho, Vermont (Project). The Stevens filed their notice of appeal with the Environmental Division on November 21, 2014.

Stephen Atwood and Atwood Enterprises, Ltd. (Atwood) now ask the Court to dismiss this appeal on the grounds that the filing of the notice of appeal was more than 30 days following the date of the decision being appealed. Appellants have not responded to the request for dismissal.

Whether a party has standing affects this Court's subject matter jurisdiction. Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. As such, we review Atwood's motion to dismiss under the standard of review afforded by Rule 12(b)(1) of the Vermont Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction. In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh,

J.). Therefore, we accept as true all uncontroverted factual allegations and construe them in the light most favorable to the nonmoving party (here, Appellants). Id.; Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

Title 10 V.S.A. § 8504(a) and Vermont Rule for Environmental Court Proceedings (V.R.E.C.P.) Rule 5(b)(1) require that an appeal of an act or decision of ANR be filed with the Environmental Division within 30 days of the date of the ANR decision. Thus, a timely appeal in this matter would have had to have been filed on or before November 20, 2014. Appellants filed their appeal on November 21, 2014, 31 days after issuance of the ANR decision.

Relief from the 30 day appeal deadline may be granted pursuant to 10 V.S.A. § 8504(b)(2)(C) upon a finding that "manifest injustice" will result if the late appeal is not allowed. Additionally, V.R.E.C.P Rule 5(b)(1) authorizes this Court to extend the appeal deadline as provided in Rule 4 of the Vermont Rules of Appellate Procedure (V.R.A.P.). Pursuant to V.R.A.P. 4(d), the party seeking relief from the deadline must show "excusable neglect or good cause."

A finding of manifest injustice requires that due process or fundamental administrative fairness demand that the movant be allowed to contest the municipal approval, notwithstanding the strong policy interest in finality. In re Feeley Constr. Permits, Docket Nos. 4-1-10 Vtec & and 5-1-1 Vtec, slip op. at 7 n.4 (Vt. Super. Ct. Envtl. Div July 5, 2011) (Wright, J.). While constitutional principles of procedural due process guarantee an opportunity to present objections to government action before the action deprives them of property interests, due process does not entitle one to delay before asserting an appeal after he has observed contested activities or construction on adjacent property. Id. at 7 (citations omitted). The bar to show excusable neglect or good cause to file a late appeal is lower. The movant "must explain the delay, including any reasons why an appeal was not filed as soon as possible after the appellant became aware of the possible need or opportunity for appeal." Id.

We conclude that the Stevens notice of appeal was filed 31 days following ANR's decision and is thus untimely. The Stevens did not file in opposition to the motion to dismiss.

We therefore have nothing to consider nor do we have any basis for finding excusable neglect, good cause, or manifest injustice.

## Conclusion

For all of the above reasons, we **GRANT** the motion to Dismiss. This concludes this matter. A Judgment Order accompanies this Entry Order.

Electronically signed on February 18, 2015 at 10:10 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Carl H. Lisman (ERN 3882), Attorney for Appellant Brian Stevens
Carl H. Lisman (ERN 3882), Attorney for Appellant Catherine Stevens
For Informational Purposes Only Agency of Natural Resources
Eric G. Parker (ERN 3626), Attorney for Appellee Steven Atwood
Eric G. Parker (ERN 3626), Attorney for Appellee Atwood Enterprises, Ltd.