*Wool v. Bullard*, No. 203-4-13 Wncv (Teachout, J., August 18, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 203-4-15 Wncv** |

**KIRK WOOL**
    **Plaintiff**

    **v.**

**CULLEN BULLARD, ANDREW PALLITO,
AND GOVERNOR PETER SHUMLIN**
    **Defendants**

### DECISION
### Defendants' Motion to Dismiss and Mr. Wool's Motion to Amend

In this case, Inmate Kirk Wool alleges that the Department of Corrections has determined that he will be required to participate in VTPSA, the Vermont Treatment Program for Sexual Abusers, but is not currently allowing him to do so. Successful participation presumably will improve Mr. Wool's chances at some form of early release. According to documents attached to the complaint, as of April 2014, he "will be reviewed for participation in the sex offender program in 2 years." Mr. Wool claims that his current inability to participate in VTPSA violates 28 V.S.A. §§ 801 and 907, and chapter 1, article 18 of the Vermont Constitution. He seeks injunctive relief allowing him to participate in VTPSA immediately and damages. The State has filed a motion to dismiss arguing that (1) Defendant Governor Shumlin has never been served, (2) all defendants are entitled to sovereign immunity, (3) sex offender programming is discretionary with the Department of Corrections (DOC) and is not subject to the cited statutes, (4) the cited constitutional provision has no application in this case, (5) Mr. Wool failed to exhaust his administrative remedies, and (6) his "high risk" claim is not ripe. Mr. Wool opposes dismissal and seeks to amend the complaint to clarify that all defendants are named in both their personal and official capacities.

Mr. Wool alleges that his claims have legal bases in 28 V.S.A. §§ 801 and 907, and chapter 1, article 18 of the Vermont Constitution. Section 801 generally requires the DOC to "provide health care for inmates in accordance with the prevailing medical standards." 28 V.S.A. § 801(a). Section 907 requires the DOC to "administer a program of trauma-informed mental health services" meeting certain stated criteria. 28 V.S.A. § 907(a). Article 18 of the Vermont Constitution states that "justice, moderation, temperance, industry, and frugality, are absolutely necessary to preserve the blessings of liberty, and keep government free" and implores Vermonters to "pay particular attention to these points, in the choice of officers and representatives . . . as . . . necessary for the good government of the State." Vt. Const. ch. 1, art. 18.

There is no established private right of action arising out of any of the cited provisions. More importantly, they have nothing whatsoever to do with the DOC's programming decisions.

The Vermont Supreme court has made clear that the DOC's programming decisions are purely within the DOC's discretion and are nonreviewable. *Inman v. Pallito*, 2013 VT 94, ¶¶ 12–18, 195 Vt. 218; *Holcomb v. Pallito*, No. 2011–316 (Vt. Jan. 26, 2012); *Rheaume v. Pallito*, 2011 VT 72, ¶ 11, 190 Vt. 245.

The decision at issue in this case is the timing of programming. The DOC has decided that now is not the appropriate time for Mr. Wool to participate in VTPSA. The decision falls squarely in the *Rheaume* line of authority and is not reviewable in this case.

Mr. Wool attempts to sidestep that line of authority by framing the decision at issue in this case as a deprivation of necessary mental health services. He does not allege, however, that any health provider diagnosed him with a mental illness for which sex offender programming has been prescribed as medically necessary treatment. Routine offender programming, determined and implemented by the DOC, is not the sort of healthcare and mental health services contemplated by 28 V.S.A. §§ 801 and 907.

Mr. Wool also seeks an injunction to prevent the DOC from treating him as "high risk" for failing to participate in VTPSA when it will not permit him to participate in VTPSA. It is not fully clear what Mr. Wool means by "high risk" in this context. He expressly says that he is not referring to a "high risk sex offender" designation. In any event, this claim is predicated on the same challenge to the DOC's discretion to determine the appropriate timing for Mr. Wool to begin his programming that has been addressed above.

The court also rejects Mr. Wool's argument that the State's motion to dismiss should be denied because his claim is novel and novel claims should be permitted to unfold, not be dismissed under Rule 12(b)(6). A novel claim is one that may possibly have merit once it comes into better focus on a developed factual record. Wariness about dismissing novel claims too soon is not, however, a license to engage in pointless litigation over a meritless claim that inevitably will remain so no matter how well developed the facts become.

The complaint is dismissed for failure to state a claim. It is unnecessary to address the State's other arguments in support of dismissal. Mr. Wool's motion to amend has no effect on the court's analysis and thus is moot.

**ORDER**

For the foregoing reasons, the State's motion to dismiss is granted; Mr. Wool's motion to amend is denied as moot.

Dated at Montpelier, Vermont this _____ day of August 2015.

_____
Mary Miles Teachout,
Superior Judge

2