*Bullis v. Menard*, 730-12-17 Wncv (Teachout, J., June 20, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                  **CIVIL DIVISION**
**Washington Unit**                                                **Docket No. 730-12-17 Wncv**

**ALLAN BULLIS**
    **Plaintiff**

    **v.**

**LISA MENARD**
    **Defendant**

### DECISION
**The State's Motions to Dismiss, for Enlargement of Time,
and to Stay Discovery, and Mr. Bullis's Motion to Compel Discovery**

Inmate–Plaintiff Allan Bullis initiated this case claiming that the Vermont Department of Corrections had failed to place him in work camp and give him work camp good time pursuant to 28 V.S.A. § 811, and that this violates his equal protection rights.[1] The State filed a motion to dismiss due to a lack of exhaustion, the unreviewability of work camp decisions, and the lack of any alleged basis for an equal protection claim.[2] Mr. Bullis then filed an amended complaint without leave of the court adding that the DOC's work camp decision is unconstitutional retaliation in response to certain lawsuits he claims he has filed or intends to file, and that this is the basis of his equal protection claim. The amendment prompted the State to seek an enlargement of time in the event the court *denies* leave to amend. Separately, Mr. Bullis filed a motion to compel discovery, and the State filed a motion to stay it pending a decision on the motion to dismiss.

For purposes of this case only, the court will treat the complaint as having been amended of right. Rule 15(a) permits amendment as a matter of course prior to a responsive pleading or within 21 days if no responsive pleading is permitted. This is a Rule 75 action. The State filed a motion to dismiss. It did not file an answer. A motion to dismiss is not a responsive pleading. See V.R.C.P. 7(a). An answer, which is a responsive pleading, is permitted (though not required) in a Rule 75 action. V.R.C.P. 75(b). One could read Rule 15(a) to not permit any amendments of right in Rule 75 actions in which an answer is not filed. However, that would conflict with the policy of liberally permitting amendments. In this case, the court will treat Mr. Bullis's amendment as of right under Rule 15(a). He did not need to leave to amend.

The State sought an enlargement of time to file a reply to its motion to dismiss in the event that leave to amend was denied. It evidently thought that if leave were granted, and the complaint amended, it would need to withdraw its motion to dismiss and file a new one

---

[1] Mr. Bullis also cites 13 V.S.A. §§ 7001, 7002, but they have no apparent bearing on this suit.

[2] The court cannot rule on exhaustion at this time because the matter is disputed factually. The DOC maintains that Mr. Bullis never filed a grievance. Mr. Bullis insists that he did.

addressing the claims of the amended complaint. This is unnecessary, however, because the amended complaint modestly clarifies the original complaint and otherwise does not appear to raise new claims.

Mr. Bullis's principal claim is that he is entitled to be in work camp and is entitled to work camp good time. The court cannot review the DOC's decision to not place Mr. Bullis in work camp. The DOC's work camp decisions are not reviewable. Work camp is a program of "rehabilitation through community service." *Charbonneau v. Gorczyk*, 2003 VT 105, ¶ 6, 176 Vt. 140. Generally, the DOC's decisions about any particular inmate's programming are unreviewable. *Rheaume v. Pallito*, 2011 VT 72, ¶ 11, 190 Vt. 245. No statute or rule requires the DOC to place any inmate, eligible or not, in work camp. Similarly, no statute or rule requires the DOC to give an inmate who is in work camp, or who is eligible but not in work camp, good time credit. See 28 V.S.A. § 811 (credit is discretionary).

In the original complaint, Mr. Bullis offered no allegations to explain his equal protection claim. In his amended complaint, he explains that he is being treated differently than others because he has filed lawsuits or intends to file lawsuits. His different treatment, he asserts, is retaliation.

Mr. Bullis's retaliation claim, and in turn his equal protection claim, are insufficiently pleaded. "We understand the concern that retaliation claims by prisoners are prone to abuse. We support the notion that 'wholly conclusory' complaints alleging retaliation can be dismissed at the pleading stage." *In re Girouard*, 2014 VT 75, ¶ 16, 197 Vt. 162 (citation omitted). Mr. Bullis offers nothing more than the wholly conclusory attribution of retaliatory intent to a purely discretionary work camp decision without any more specific allegations in support of a cogent prima facie case other than generally asserting that he has filed or intends to file lawsuits. This is insufficient.

The State is entitled to dismissal. Dismissal renders all other motions moot.

ORDER

For the foregoing reasons:

(1) The State's Motion to Dismiss is granted;
(2) The State's Motion for Enlargement of Time is denied as moot;
(3) Mr. Bullis's Motion to Compel Discovery is denied as moot; and
(4) The State's Motion to Stay Discovery is denied as moot.

Dated at Montpelier, Vermont this _____ day of June 2018.

_____
Mary Miles Teachout,
Superior Judge

2