*Lauderbach v. Menard*, 41-1-18 Wncv (Teachout, J., Aug. 27, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 41-1-18 Wncv** |

**DAVID LAUDERBACH**
    **Plaintiff**

    **v.**

**LISA MENARD**
    **Defendant**

### DECISION
#### Mr. Lauderbach's Motion for Summary Judgment and the State's Motion to Dismiss

Inmate–Plaintiff David Lauderbach claims that the Vermont Department of Corrections terminated him from his rehabilitative programming after he was convicted of a disciplinary infraction and did not return him to programming when his conviction was overturned administratively. He seeks, among other things, immediate release on conditional re-entry furlough. Mr. Lauderbach has filed a motion for summary judgment. The State has filed a motion to dismiss for lack of subject matter jurisdiction because Mr. Lauderbach failed to exhaust his administrative remedies and because the DOC's programming decisions are unreviewable.

The state of the record regarding exhaustion is exceptionally confusing. The court considers the matter disputed for purposes of this decision.

The DOC's decisions to terminate Mr. Lauderbach from programming and to not reinstate him to programming generally are in its discretion and are unreviewable in this court. See *Rheaume v. Pallito*, 2011 VT 72, ¶ 11, 190 Vt. 245.

To counter this, Mr. Lauderbach asserts that he was terminated as punishment for a disciplinary conviction for something he did not do, and that conviction was overturned administratively. The record shows that the conviction was overturned because Mr. Lauderbach appealed the conviction administratively and the superintendent failed to rule on the appeal in a timely manner, which automatically requires expungement and has nothing to do with the validity of the guilty determination. He was not exonerated. Additionally, nothing in the record explains in any detail why the DOC made its termination decision, except that it purports to have done so not due to the disciplinary violation but because he failed to follow program rules. Because these programming decisions are unreviewable, there is no need to look further into the matter.

Mr. Lauderbach then asserts that he is really seeking in this case to "correct a fact in a record" maintained by the DOC pursuant to 28 V.S.A. § 107(d). However, nothing in the record

reveals any such administrative request and he does not articulate what the disputed fact is. He clearly challenges the substance of the DOC's programming decisions, not some "fact" that may be a predicate to any such decisions. In any event, if he wanted to pursue the correction of "facts," he needed to proceed according to § 107(d), and then the case could be reviewed pursuant to Rule 74. He has not done so.

Finally, he asserts that he has been treated differently than others as retaliation for filing grievances and that this violates the Equal Protection Clause and the Common Benefits Clause. These claims are insufficiently pleaded. "We understand the concern that retaliation claims by prisoners are prone to abuse. We support the notion that 'wholly conclusory' complaints alleging retaliation can be dismissed at the pleading stage." *In re Girouard*, 2014 VT 75, ¶ 16, 197 Vt. 162 (citation omitted). Mr. Lauderbach offers nothing more than the wholly conclusory attribution of retaliatory intent to purely discretionary programming decisions without any more specific allegations in support of a cogent prima facie case of retaliation or a violation of the Equal Protection and Common Benefits Clauses. This is insufficient.

The State is entitled to dismissal. Dismissal renders all other motions moot.

ORDER

For the foregoing reasons:

(1) The State's Motion to Dismiss is granted;
(2) Mr. Lauderbach's Motion for Summary Judgment is denied; and
(3) all other pending motions are denied as moot.

Dated at Montpelier, Vermont this _____ day of August 2018.

_____
Mary Miles Teachout,
Superior Judge

2