*Bruyette v. Menard*, 621-10-17 Wncv (Teachout, J., Aug. 6, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                              **CIVIL DIVISION**
**Washington Unit**                                            **Docket No. 621-10-17 Wncv**

**JOSEPH BRUYETTE**
    **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

### DECISION
### Mr. Bruyette's Motion for Summary Judgment

Plaintiff–Inmate Joseph Bruyette and the Vermont Department of Corrections are at an impasse. For many years, the DOC has sought a DNA sample from Mr. Bruyette pursuant to 20 V.S.A. § 1933 (mandatory samples for Vermont DNA database purposes). For many years, Mr. Bruyette has refused to give a sample, insisting that he did so previously, repeatedly. Mr. Bruyette alleges that the DOC is unlawfully refusing to follow the statutory procedure to compel him to give a DNA sample and is using his refusal to voluntarily provide a sample to refuse to consider him for programming, which is essential for any hope of early release.

Mr. Bruyette argues that, by statute, if the DOC seeks a DNA sample despite his refusal, it must file an action seeking to compel him to provide one pursuant to 20 V.S.A. § 1935. He has filed a motion for summary judgment seeking an order (characterized as mandamus) compelling the DOC to file such an action because § 1935 will entitle him to a hearing where the dispute about whether he already has submitted a DNA sample may be sorted out on the facts. He also asks the court to the order the DOC to consider him for programming.

The State opposes summary judgment because, it argues, the Department of Public Safety (DPS) is needed for the just adjudication of this case pursuant to Rule 19 but it has not been made a party. The State has never explained why the DOC has never filed a § 1935 action against Mr. Bruyette and why it resists doing so now other than to point out that DPS also is empowered to file such an action.

The old writs, such as mandamus, have been abolished. V.R.C.P. 81(b). Relief in the nature of those writs is available under Rule 75. In this case, Mr. Bruyette essentially seeks an order affirmatively compelling the Commissioner of the DOC to do something, initiate a suit against him pursuant to 20 V.S.A. § 1935. This is relief in the nature of mandamus. Such relief "is available only when 'the right sought to be enforced is certain and clear.' The party seeking such relief must demonstrate that it 'has a clear, legal right to the performance of the particular duty at the hands of the [official], and that the law affords no other adequate remedy.'" *Skiff v. S. Burlington Sch. Dist.*, 2018 VT 117, ¶ 10.

Mr. Bruyette is among those who are required to provide a DNA sample to Vermont's DNA database. 20 V.S.A. § 1933(a). He refuses to do so, claiming that he has done so many times in the past. Section 1935 sets forth a mandatory procedure if someone who is required to give a sample refuses to do so voluntarily. In such a case, "the commissioner of the department of corrections or public safety *shall* file a motion in the superior court for an order requiring the person to provide the sample." 20 V.S.A. § 1935(a) (emphasis added)[1]; see also DOC Directive 409.03 (DNA Sample Collection).[2] That person then is entitled to a hearing on whether a sample will be compelled. *Id.* § 1935(b), (c). Notably, "[a] person required to submit a DNA sample who is serving a sentence in a correctional facility shall have his or her DNA samples collected or taken . . . *if the person has not previously submitted a DNA sample*." 20 V.S.A. § 1933(b) (emphasis added). The State has never filed a § 1935 action to compel Mr. Bruyette to provide a DNA sample.

The State argues that DPS's presence is needed in this case because it has concurrent authority to institute an action against Mr. Bruyette under § 1935(a) and it maintains the State's DNA database.

Rule 19 requires joinder of a missing party who is needed so complete relief can be awarded or where the person's absence will impair that person's interests or give rise to multiple liabilities or inconsistent obligations, if joinder is feasible. The State asserts, without explanation, that such outcomes will occur in this case if DPS is not made a party.

Section 1935(a) merely gives the DOC and DPS concurrent authority to do the same thing: file an action against one who refuses to provide a sample. It does not require that they do so jointly or coordinate in some fashion that would be compromised by DPS's omission from this case. Moreover, the State does not explain how its representation of the DOC is not fully sufficient to represent any legitimate interests of DPS. Both evidently have the same statutory interest in filing an action to compel Mr. Bruyette to submit a sample, if in fact he has never done so.

The DOC and DPS both are departments within the executive branch of government, the DOC is represented in this case by the Office of the Attorney General, which has broad authority to represent the State in *all* civil actions in Vermont, 3 V.S.A. § 152, and DPS has not sought to intervene. Under the circumstances, it is entirely unclear how DPS could be needed for the just adjudication of this case.

Otherwise, the State does not argue that relief in the nature of mandamus is inappropriate and the court concludes that it is manifestly necessary. The DOC has a clear, mandatory obligation to file a § 1935 action against Mr. Bruyette, and its persistent refusal to do so is

---

[1] By statute, the motion must be filed "in the territorial unit of the superior court where the conviction [triggering the duty to provide a sample] occurred," presumably in the superior court's civil division as the Rules of Civil Procedure apply to the ensuing proceeding. 20 V.S.A. § 1935(f).

[2] Mr. Bruyette has submitted into the record a DOC "internal document" with detailed procedures the DOC uses to collect DNA samples. The document describes that the DOC will notify a state's attorney if an inmate refuses to submit a sample, but it does not otherwise describe any action the DOC will take in the event of a refusal.

prejudicing him to the extent that the DOC is refusing to consider Mr. Bruyette for programming due to the lack of contribution of a DNA sample. Mr. Bruyette has no other recourse to remedy this standoff that is apparent to the court other than an order compelling the DOC to file a § 1935 action. He is entitled to that relief.

The court is not persuaded that Mr. Bruyette also is entitled to an order compelling the DOC to do anything regarding his programming at this time. Mr. Bruyette argues that 20 V.S.A. § 1935 requires the DOC to file an action against him and does not permit the DOC to refuse to file an action against him and take other punitive action against him instead (refusing to consider him for programming). However, nothing in § 1935 or related statutes addresses programming at all.

Otherwise, Mr. Bruyette implies that the DOC is refusing to consider him for programming in *retaliation* for not voluntarily providing a DNA sample to the state DNA database. Retaliation is not apparent on this record. The database has crime-detection purposes. 20 V.S.A. § 1931. The record appears to show that Mr. Bruyette has been designated a high-risk sex offender. It is not clear to the court that a decision to not consider such an offender for programming until the results of submitting that offender's DNA to the DNA database are known is unlawful, a manifest abuse of discretion, or necessarily retaliatory. The court declines to wade into the DOC's ordinarily unfettered discretion over programming decisions on this record. Generally, the DOC's decisions about any particular inmate's programming are unreviewable. See *Rheaume v. Pallito*, 2011 VT 72, ¶ 11, 190 Vt. 245.

## ORDER

For the foregoing reasons, Mr. Bruyette's motion for summary judgment is granted in part and denied in part.

Dated at Montpelier, Vermont this _____ day of August 2019.

_____
Mary Miles Teachout,
Superior Judge