VT SUPERIOR COURT

## STATE OF VERMONT

**SUPERIOR COURT**
Washington Unit

2011 FEB 24 · A 11: 32

**CIVIL DIVISION**
Docket No. 328-6-16 Wncv

**KIRK WOOL**
    **Plaintiff**

FILED

v.

**MULTI-HEALTH SYSTEMS, INC. and
ROBERT D. HARE, Ph.D.**
    **Defendants**

### DECISION
### Defendants' Motion to Dismiss

Plaintiff Kirk Wool, an inmate in the custody of the Commissioner of the Department of Corrections, seeks compensatory damages from Defendants Multi-Health Systems, Inc. and Robert D. Hare, Ph.D. because, he alleges, they license two recidivism risk assessment tools to the Vermont Department of Corrections, the DOC misuses those tools to Mr. Wool's detriment, and Defendants have not intervened on Mr. Wool's behalf to ensure that the DOC uses those tools properly. The assessment tools at issue are the Level of Service Inventory–Revised and the Psychopathy Checklist–Revised. According to Mr. Wool, the DOC misuses those tools to produce erroneous results that disqualify him for early release or at least the rehabilitative programming that might improve his odds of early release. Defendants seek dismissal arguing that Mr. Wool lacks standing to bring any such claims against them, that Defendants are not a "state" actor subject to a 42 U.S.C. § 1983 claim, and that Defendants owed Mr. Wool no cognizable legal duty.

In opposition to dismissal, Mr. Wool clarifies that he is not challenging any particular classification decision. Instead, he emphasizes that he has an expert available who will testify that the DOC is misusing these assessment tools, and that Defendants have notice of that fact and have not acted to prevent any resulting prejudice to him. He also argues that, under *Rheaume v. Pallito*, 2011 VT 72, 190 Vt. 245, he has a legal right to challenge any determination that he presents a high recidivism risk.

No allegations in the complaint could support any inference of a legal duty owed by Defendants to Mr. Wool merely because Defendants license certain assessment tools to the DOC. Mr. Wool does not allege that Defendants have any authority of any kind over how the DOC uses the licensed tools.

As for negligence, the general rule is that "[t]he fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." Restatement (Second) of Torts § 314. This general rule is subject to exceptions in special situations. See Restatement §§ 314A–324A. However, none have any apparent relevance to the allegations of the complaint.

Defendants cannot have liability for breaching a duty that they never had.

With regard to Mr. Wool's argument based on *Rheaume*, the Court concluded that 13 V.S.A. § 5411b(b) gives an inmate who is designated a high-risk sex offender under § 5411b(a) a right to Rule 75 review of that determination. *Rheaume*, 2011 VT 72, ¶ 4. In fact, § 5411b(b) expressly says: "After notice and an opportunity to be heard, a sex offender who is designated as high-risk shall have the right to appeal de novo to the superior court in accordance with Rule 75 of the Vermont Rules of Civil Procedure."

Here, there is no allegation that the DOC designated Mr. Wool a high-risk sex offender pursuant to § 5411b(a). Even if Mr. Wool were to allege that, this is not an action for Rule 75 review of any such determination, and Defendants would not be proper respondents to any such claim in any event.

It is unnecessary to address the other asserted bases for dismissal.

## ORDER

For the foregoing reasons, Defendants' motion to dismiss is granted.

Dated at Montpelier, Vermont this 23rd day of February 2017.

Mary Miles Teachout
Superior Judge

2