VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00019



| Martin Revocable Living Trust Subdivision Application |
|---|

## ENTRY ORDER

Title:   Motion to Dismiss (Motion: 2)
Filer:   Brian H. Leven, Esq.
Filed Date:  July 2, 2024

Memorandum in Opposition filed on August 23, 2024 by Donald B. Valentine.

……………………………………………………………………………………………………

Title:   Motion to Intervene (Motion: 3)
Filer:   Donald B. Valentine
Filed Date:  August 23, 2024

No response filed.

**The motion to dismiss is GRANTED; the motion to intervene is MOOT**.

   This is an appeal by Donald Valentine (Appellant) of a Town of Elmore Development Review Board (DRB) decision overruling a Town of Elmore Zoning Administrator's decision to deny applicant Martin Revocable Living Trust's (Applicant) subdivision application. Appellant was the Town of Elmore (Town) Zoning Administrator at relevant times and was involved in the below proceedings in that capacity. Presently before the Court is Applicant's motion to dismiss Appellant for lack of standing. Appellant did not timely respond to the motion, nor did Appellant seek leave from the Court to file his untimely filing. Appellant filed on August 23, 2024, which was nearly one month after the requisite filing deadline. While the filing was untimely, we consider it to fully address the pending motion before the Court.

   Applicant's motion challenges Appellant's standing to appear before this Court. A party's standing is a question of subject matter jurisdiction. Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234 (citation omitted). Thus, we review the pending motion under the standard of review afforded by V.R.C.P. 12(b)(1). In re Main St. Place LLC, Nos. 120-7-10 Vtec, 191-11-10 Vtec, et al.,

slip op. at 2 (Vt. Super. Ct. Envtl. Div. June 19, 2012) (Durkin, J.). As such, we accept as true all uncontroverted factual allegations and construe them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2 (mem.).

First, Appellant lists in is notice of appeal the statutory provision under which he claims party status as "former Z[oning] A[dministrator] who rejected the application." Notice of Appeal (filed on Mar. 18, 2024).[1] There is no provision of Title 24, Chapter 117 that affords a former Zoning Administrator the right to appeal zoning decisions related to projects that they addressed in their capacity as Zoning Administrator.[2] There is no basis in law for Appellant's assertion that his status as the former Zoning Administrator affords him the right to appeal a subsequent municipal panel decision that he disagrees with.

To the extent that Appellant asserts standing as an interested person under 24 V.S.A. § 4465(b)(3), he similarly lacks standing. To qualify as an interested person entitled to appeal an appropriate municipal panel (AMP) decision a person must: (1) own or occupy property in "the immediate neighborhood" of the subject property; (2) "demonstrate a physical or environmental impact on [their] interest under the criteria reviewed"; and (3) allege that "the decision or act [of the municipality], if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." 24 V.S.A. § 4465(b)(3). Further, to appeal a decision from an AMP to this Court, the interested person must have participated before such panel by "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471(a).

First, Appellant has not demonstrated that he resides in the immediate neighborhood of the subject property. In his untimely response, Appellant states that residents of small towns like Elmore "consider the entire Town as a neighborhood . . . ." This is not the relevant standard under § 4465. Further, he states that he lives two road miles away from the access road to the subject property. He does not present any relationship of his property to the actual subject property itself, solely the access road.[3] Based on the facts presented, even construing them in the light most favorable to Appellant, Appellant fails to demonstrate that he is within the immediate neighborhood of the subject property.

---

[1] Appellant's Notice of Appeal cites to no relevant statutory basis affording him standing. This is a defect under Vermont Rules of Environmental Proceedings (V.R.E.C.P.) 5(b)(3).

[2] The Court notes that a municipality, generally, may appeal in limited circumstances. 24 V.S.A. § 4465(b)(2). Such provision is irrelevant here.

[3] To the extent that he asserts that he is acquaintances with abutters to the subject property, this assertion has no basis in law as he lacks standing to speak on behalf of third parties. See Baird v. City of Burlington, 2016 VT 6, ¶ 15, 201 Vt. 112.

Next, the Court's analyzes the second prong of § 4465(b)(3). To demonstrate a physical or environmental impact on their interests, parties do not need to definitively prove an injury, but they must show that there is the "reasonable possibility" of an impact that is particularized and non-speculative. See In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.) (citing In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 9-10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.) (describing the "reasonable possibility" requirement); In re Vt. Transco LLC Subdivision, No. 32-3-18 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Oct. 17, 2018) (Walsh, J.) (detailing the particularized impact requirement) (citations omitted).

Appellant fails to identify any impact to his physical and/or environmental interest under the regulations. He asserts that his disagreement with the DRB's application of the zoning regulations, generally, is an impact giving rise to his standing. This is neither a physical or environmental impact, nor is it particular to him personally. To the extent he alleges that this is an impact, it is more akin to a generalized grievance. See Parker v. Town of Milton, 169 Vt. 74, 76—77 (1998) (noting that "merely speculating about the impact of some generalized grievance" does not give rise to standing). Thus, Appellant has failed to demonstrate any physical or environmental impact on his interests.

Additionally, Appellant has failed to articulate any physical or environmental impact to his interests under the relevant zoning criteria. His untimely response contains no assertion of any such impact. Having failed to allege any injury, the Court must conclude that he fails to satisfy § 4465(b)(3)(2).

Having concluded that Mr. Valentine fails to meet the standard of an "interested person" under § 4465(b)(3) because he is neither in the immediate neighborhood of the subject property and has not identified a physical or environmental impact on his interests under the relevant standards, we need not fully address his participation in the municipal proceedings below. We do, however, briefly address the issue. Appellant participated in the proceedings below in his capacity as the Town's Zoning Administrator. He did not participate individually as a resident of the Town. The Court is concerned about Appellant's contention that such participation, as an official of the Town, would be sufficient to afford him standing as an individual to appeal the resulting decision. That is an illogical interpretation of the relevant provisions defining an "interested person" who may appeal a decision of a municipal panel.

For all these reasons, we conclude that Appellant lacks standing to bring this appeal and therefore **GRANT** Applicant's motion to dismiss.

Having reached this conclusion, the motion to intervene filed by Appellant and signed by multiple Town residents purporting to classify themselves as interested persons under the 24 V.S.A. § 4465(b)(4) is **MOOT**.[4]

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed this 29th day of August 2024, pursuant to V.R.E.F. 9(D)

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division

---

[4] While the motion does not specifically state they seek § 4465(b)(4) interested person status, Appellants opposition to the motion to dismiss does. The Court notes that, even if we were to conclude the motion was not moot, the parties would likely fail to meet the relevant standard. Section 4465(b)(4) requires that those seeking interested person status thereunder must file a petition with the AMP. There is no allegation that such a petition was filed before the DRB. Further, effective as of June 17, 2024, § 4465(b)(4) was amended to require that at least 20 qualifying persons be signatories to that petition. While it appears through representation of Appellant that the relevant zoning bylaws reflect the previous iteration of § 4465(b)(4), which allowed for 10 qualifying persons to obtain interested person status thereunder, it would appear that provision is out of date. The Court need not, however, determine which number of signatories is effective in this matter as the motion is moot.