Filed 04/02/25

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 25-ENV-00013

| Groundworks Collaborative Site Plan Application |
| --- |

## ENTRY REGARDING MOTION

Motion: Motion to Dismiss

Filer: Christopher D. Roy, Attorney for Groundworks Collaborative, Inc

Filed date: March 10, 2025

Memorandum in Opposition filed by Appellant Bonnie Girvan on March 21, 2025

Reply in Support of Motion filed by Christopher Roy on March 28, 2025

**The motion is GRANTED.**

This is an appeal of a Town of Brattleboro Development Review Board (DRB) decision approving Groundworks Collaborative, LLC's (Applicant) site plan application (Application #2025-1) for the construction of a community facility to be used as emergency shelter for up to forty individuals located at 81 Royal Road in Brattleboro, Vermont (the Property). Neighboring landowner, Bonnie Girvan (Appellant), in her individual capacity, appealed the DRB's decision to this Court on February 20, 2025. The Applicant has moved to dismiss her appeal for lack of statutory standing.

A party's standing is a question of subject matter jurisdiction. Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234 (citation omitted). When reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1), the Court accepts as true all uncontroverted factual allegations and construes them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶2, 190 Vt. 245.

Pursuant to 10 V.S.A. § 8504(b)(1), "an interested person, as defined by 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceedings under [Chapter 117] may appeal to the Environmental Division an act or decision made under [Chapter 117]" by an appropriate municipal panel. Interested person is defined, in relevant part, as "[a] person owning or occupying property in the immediate neighborhood of a property… who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed." 24 V.S.A. § 4465(b)(3). As the Vermont Supreme Court has explained, statutory standing may be predicated on minimal allegations. In re Snowstone LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 15, 214 Vt. 587. "[T]he statute requires only an allegation of injury, and not any measure of proof." Id. at ¶ 17.

1

In an on-the-record appeal, we review a party's standing based on the record developed before the DRB. In re VTRE Investments, LLC Conditional Use Duplex, No. 2019-050, slip op. at 2 (unpublished entry order). Accordingly, we look to Appellant's testimony before the DRB to determine whether she met the minimal burden of alleging a physical or environmental impact on her interests. In doing so, the Court has watched video of Appellant's testimony at the DRB's January 15, 2025 hearing, and concludes that she failed to identify a physical or environmental impact to her individual interests under the criteria reviewed.

Appellant introduced herself at the January 15 hearing as a director on the Board of Morningside Condominiums Association, and as past president of the Board.[1] In her testimony, she discussed the Morningside condominium community's trauma from past events that had occurred on the Property and the community's efforts to come to terms with the proposed project.[2] She also expressed generalized concerns about the number of people that would be permitted to stay at the Property and why she believes that the proposed project capacity is excessive. She expressed that limiting the project capacity to thirty people would be "much more doable for integrating people into our community" and indicated that the closure of a prior facility operating on the Property had led to a reduction in property crimes/quality-of-life issues for the Morningside community. She discussed issues with how the Property was managed in the past and her belief that a capacity of forty people would cause "crash and burn." Lastly, she briefly testified about lighting concerns for people living across the road from the Property, but made no mention of how she, individually, would be impacted by lighting. In reviewing Appellant's testimony in the light most favorable to her, there is simply no allegation of a physical or environmental impact to her individualized interests under the criteria reviewed.

Similarly, in reviewing the materials before the Court in this appeal, we are unable to ascertain a physical or environmental impact to Appellant's interests. Appellant's reply to Applicant's motion to dismiss does not identify any such impacts. Rather, her reply simply mentions that she lives at 60 Morningside Condominiums and owns an undivided fractional interest in the common areas of the Association. This alone is insufficient to demonstrate statutory standing as an interested person. The Court needs to know what physical or environmental impacts there may be to her interests, and how those impacts are related to the criteria reviewed under the applicable zoning regulations.

Lastly, even considering the unsupported concerns raised in Appellant's Supplemental Letter to her Notice of Appeal, there is simply no basis to conclude that Appellant has standing.[3] The Notice of Appeal suggests that the facility will house recovering addicts who have a propensity to

---

[1] Appellant is also identified as a representative of the Board of Morningside Condominiums Association in graphics contained within the video recording of the DRB hearing and in the DRB's decision approving Application #2025-1, which notes that she was one of three persons "speaking on behalf of the Condominium Board."

[2] For example, Appellant states "Morningside is a community, this [project] is a lockdown facility, so we are trying very much to understand and accept that these folks need a place to live, but we also want to respect our well-being and where we live."

[3] The Notice of Appeal to the Environmental Division identifies Appellant as "Bonnie Girvin of Morningside Assoc."

commit crimes.[4] This mere speculation regarding future criminal activity is not related to criteria under the zoning regulations. The Notice of Appeal also mentions concerns with increased pedestrian traffic and that the neighborhood sidewalk network is insufficient to accommodate people with disabilities. Again, Appellant has not demonstrated how her interests are impacted by such concerns, such as whether she uses the sidewalk and roadway network. Nowhere in the letter does Appellant mention her specific individualized interests that will be affected by the proposed project. Instead, her expressed concerns are broadly stated, speculative, and focused on the Morningside/Brattleboro community as a whole.

After reviewing all of the materials submitted in connection with this appeal, we conclude that Appellant has not met the minimal burden of alleging a physical or environmental impact to her interests based on the criteria reviewed. Accordingly, we **GRANT** Applicant's motion to dismiss for lack of standing.

This concludes the matter before the Court. A Judgment Order accompanies this Decision.

Electronically signed on April 2, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[4] The Court includes Appellant's statements for context and to note that they do not present issues regulated by zoning. Even if Appellant were to cite to valid standards under the zoning bylaws, Appellant's concerns are directly related to the individuals who may stay at the proposed facility. The Court is concerned that Appellant's motivations for opposing the project, as they relate to individuals receiving public assistance in the form of emergency shelter, conflict with Vermont's fair housing laws. See 24 V.S.A. § 4412(1)(A) ("No bylaw… shall have the effect of discriminating in the permitting of housing."). In sum, Appellant's Supplemental Letter to her Notice of Appeal includes statements which are further evidence that Appellant's concerns with the proposed project are not related to zoning.